**William GORDON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–672CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 1, 1984.

Rehearing Denied March 22, 1984.

Petition Granted Oct. 3, 1984.

**630**

Allen Isbell, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of violation of civil rights, from the 182nd Judicial District Court of Harris County. Appellant was found guilty of a third degree felony, and the jury assessed punishment at five (5) years confinement in the Texas Department of Corrections, probated, and a two thousand dollar ($2,000) fine. Additionally, the trial court ordered restitution in the amount of four thousand dollars ($4,000) for the complainant's funeral expense.

Appellant asserts four grounds of error. Appellant's first two grounds of error argue that the trial court erred in denying appellant's requested charge on assault in that appellant's testimony raised this issue.

On March 19, 1982, appellant, then a Harris County Deputy Sheriff, received a call at 2:27 p.m. regarding a burglary in progress at 607 Bright Penney in Harris County. When he arrived, appellant found that a neighborhood resident, Tony Akerman, had captured 17 year old Steven Barnette. Akerman, suspecting Barnette of burglary, held him at gunpoint until appellant arrived. Appellant placed Barnette under arrest. *Two* burglars had been seen fleeing earlier that day, and when placing the complainant under arrest, appellant asked for the identity of the other person. Akerman and Darrell Leatherwood testified that appellant grabbed complainant by the hair. Appellant jerked Barnette's head back when asking the identity of his companion. Later, Barnette was questioned again by appellant and deputy William Whigham. Deputy Whigham was indicted for his participation in the beating and subsequent death of Barnette. Whigham testified that when he and appellant questioned the now handcuffed Barnette, appellant placed his left foot on one of the prisoner's bare feet. Appellant admitted this. The injuries which caused Steven Barnette's death occurred later that evening. The handcuffed Barnette was taken by appellant, Whigham and Constable Billy McGreight into a wooded area close to the burglarized neighborhood. First, appellant

faked a backhand to Barnette's groin area. Appellant did not make contact but made the deceased flinch and move to a bent over position. McGreight then grabbed Barnette. He hit the deceased about five times in the chest area and kneed him in the groin. Whigham slapped Barnette once on the shoulder. Whigham testified that appellant did not hit Barnette in the wooded area. Barnette died later that night from the injuries inflicted by McGreight. The jury acquitted appellant of causing Barnette's death as a party with McGreight. Appellant was convicted of violating the prisoner's civil rights by pulling Barnette's hair.

■ There is sufficient evidence in the record to show a violation of the civil rights of a prisoner. Tex.Penal Code Ann. § 39.-021(a)(1) (Vernon 1982) states:

A peace officer or a jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections commits an offense if he:

(1) intentionally subjects a person in his custody to bodily injury knowing his conduct is unlawful.

The evidence indicates that after appellant arrived on the scene he began frisking Barnette and asked "who was that other guy with you?" When Barnette failed to answer, the appellant grabbed him by the hair on his forehead and jerked his head back. The evidence shows that the appellant pulled Barnette's hair hard enough to cause him physical pain.

■ Appellant contends that the assault is a lesser included offense of the violation of the civil rights of a prisoner and the trial court should have instructed the jury on assault.

The determination of whether an offense is a lesser included offense under Article 37.09(1), V.A.C.C.P., if:

it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

The determination of whether an offense is a lesser included offense under Article 37.09, V.A.C.C.P., must be made upon a case by case basis and not on just the language of the statute. The decision shall be based on whether the lesser offense could be proved by the same facts necessary to establish the offense charged. *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App. 1975); *Hazel v. State,* 534 S.W.2d 698 (Tex. Crim.App.1976).

■ The offense of violation of the civil rights of a prisoner stands alone. The very foundation of this offense is the status and relationship of the parties. The offender can only be a peace officer or a jailor or guard employed in a municipal or county jail or by the Texas Department of Corrections. The victim can only be "a person in his custody." It is conceded that these essential elements are present in this case. Tex.Penal Code Article 39.021(c) (Vernon 1982) provides "This section shall not *preclude* prosecution for other offenses set out in this code." This language is indicative of legislative intent to treat this status and relationship/offense as a singular crime, but not precluding prosecution for murder, rape, assault, theft or other offense set out in the code.

Even if a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981).

■ A charge on a lesser included offense is not required unless the evidence raises that issue. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Crim.App.1974); *Torres v. State,* 493 S.W.2d 874 (Tex.Crim.App.1973).

■ In the instant case, there is sufficient evidence to show a violation of the civil rights of a prisoner. Tex.Penal Code Ann. § 39.021(a)(1) (Vernon 1982). Even if assault were a lesser included offense of Tex.Penal Code Ann. § 39.021(a)(1), there was no evidence presented at trial which would indicate that appellant, if guilty, was only guilty of the lesser offense. We find no error in the court refusing to submit

appellant's requested instructions on the offense of assault.

■ The appellant's third ground of error complains that the court abused its discretion when it ordered appellant to pay Steven Barnette's funeral expenses in that appellant was found not guilty of doing an act that caused Barnette's death. Appellant argues that the order violates due process. The indictment in this case makes it a felony offense for a peace officer to intentionally subject a person in his custody to bodily injury if the peace officer knows his conduct is unlawful. The jury convicted appellant of paragraph two of the two paragraph indictment of violating the civil rights of a prisoner by pulling the prisoner's hair. Throughout the trial the relationship between this appellant and the other police officers involved in the beating and subsequent death of Steven Barnette was examined. That appellant was a part of the crime is apparent from the record. It is also apparent that the trial court's power to order restitution or reparation is authorized under Article 42.12 Section 6(a)(h) V.A.C.C.P. Since it was clearly with the power of the trial court, appellant's third point of error is overruled.

■ Appellant's fourth ground of error claims that the trial court abused its discretion when it ordered appellant to pay Steven Barnette's funeral expenses in the amount of $4,000. Appellant argues that there is no evidence supporting the amount of restitution ordered. The record is silent on the amount of funeral expenses incurred. There is no evidence that $4,000 is just restitution for funeral expenses incurred by the Barnette family. Since the error relates to the probation condition only, and since the trial court set the condition, the cause will be remanded for a hearing to determine the amount of restitution to be ordered. *Cartwright v. State,* 605 S.W.2d 287 (Tex.Crim.App.1980).

■ Appellant's fifth ground of error alleges that the indictment is fundamentally defective in that it does not allege an element of Tex.Penal Code Ann. § 39.021

(Vernon 1979), such that appellant acted as a "peace officer ... employed at a municipal or county jail or by the Texas Department of Corrections." Appellant contends that the indictment failed to allege that appellant was either a peace officer or jailor or guard employed by either a municipal or county jail or by the Texas Department of Corrections. This element of Tex.Penal Code Ann. § 39.021 (Vernon 1979) should be read in the disjunctive whereby "peace officer" is read separately from the jailors or guards employed by a municipal or county jail or by the Texas Department of Corrections. As evidence of this fact, the legislature in 1983, amended Section 39.021 to clarify this type of misunderstanding in the reading of the statute. Appellants fifth ground of error is overruled. Because of our disposition of the fifth ground of error, we need not address appellant's sixth ground of error. Affirmed in part and reversed and remanded in part.

ELLIS, Justice, dissenting.

I respectfully disagree with my fellow judges and agree with appellant's fifth ground of error in that the indictment is fundamentally defective and I would reverse the conviction and order the indictment dismissed.

The appellant was indicted under Section 39.021(a)(1) of the Texas Penal Code Ann. (Vernon Supp.1982–83) titled Violation of the Civil Rights of a Prisoner. The indictment contained two paragraphs.

The relevant parts of the indictment state:

### PARAGRAPH ONE

Alleged that appellant did then and there ... unlawfully as a peace officer, namely a Harris County, Texas, Deputy Sheriff, intentionally subject Steven Barnette, hereafter styled the complainant, a person in the Defendant's custody to bodily injury by striking the complainant with his hand and leg knowing his conduct was unlawful and the death of the complainant occurred as a result of said bodily injury.

## PARAGRAPH TWO

Alleged that the appellant did then and there ... unlawfully as a peace officer, namely, a Harris County, Texas, Deputy Sheriff, having in his custody Steven Barnette, hereafter styled the complainant, intentionally subject the complainant to bodily injury by striking the complainant with his hand, and by pulling the complainant's hair with his hand, and by standing on the complainant with his foot knowing his conduct was unlawful.

The jury acquitted the appellant of the charge in paragraph one and found him guilty of the charge in paragraph two of the indictment.

Section 39.021 of the Texas Penal Code provides:

(a) A peace officer or a jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections commits an offense if he:

(1) intentionally subjects a person in his custody to bodily injury knowing his conduct is unlawful;

Tex.Penal Code Ann. § 39.021(a) (Vernon Supp.1982–83). My reading and interpretation of Section 39.021(a)(1) is that a peace officer or a jailer or guard must be employed at a municipal or county jail or by the Texas Department of Corrections in order to have committed an offense under this section of the penal law.

The indictment in our case did not charge or allege that the appellant was employed at a municipal or county jail or by the Texas Department of Corrections; therefore, it is fundamentally defective. It is my interpretation of Section 39.021(a)(1) that it does not apply to situations involving a street arrest by a deputy sheriff but applies specifically to acts of violence committed upon the person of a prisoner by peace officers or jailers or guards employed at municipal or county jails or by the Texas Department of Corrections.

In 1983 the Texas legislature amended Section 39.021(a) to include as prohibited acts those civil violations committed by all peace officers as well as those previously proscribed acts committed by guards and jailers.

The amended act reads as follows:

(a) A jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections *or a peace officer* commits an offense if he:

(1) intentionally subjects a person in custody to bodily injury knowing his conduct is unlawful; (emphasis ours).

The appellant was tried under Section 39.021(a)(1) as it was written in 1979 and it is clear to me that he did not violate this particular statute.

Since the indictment fails to allege that the appellant was a peace officer or jailer or guard employed by either a municipal or county jail or by the Texas Department of Corrections, the indictment fails to state an offense against Section 39.021 of the Texas Penal Code.

I would reverse the conviction and order the indictment dismissed.