William GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 486–84.

Court of Criminal Appeals of Texas, En Banc.

April 16, 1986.

Allen C. Isbell, Houston (on appeal only), for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr., and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was found guilty by a jury of violating the civil rights of a prisoner, a felony of the third degree, which rises to second degree if the complainant sustains serious bodily injury, and to first degree felony "if death occurs." V.T.C.A. Penal Code, § 39.021(b). The jury found appellant guilty of a third degree felony and assessed his punishment at five years confinement and a two thousand dollar fine, both probated. As a condition of probation the trial court ordered appellant to pay restitution to complainant's family of up to four thousand dollars for funeral expenses. We granted review to decide whether the trial court was authorized to impose this condition.

At the time of the offense appellant was a Harris County Deputy Sheriff. On the afternoon of March 19, 1982, he responded to a call reporting a burglary in progress. Upon his arrival appellant discovered that Tony Akerman, a resident of the neighborhood, had already captured a suspect, 17 year old Steven Barnette. Akerman had chased Barnette and another suspect, but Barnette's companion had escaped. Appellant took Barnette into custody and asked him the identity of his companion. While doing so, according to Akerman and another witness, appellant gripped Barnette's hair and jerked his head back.

Other peace officers soon arrived, including Deputy William Whigham and Deputy Constable Billy McGreight. After walking around the neighborhood looking for property taken in the burglary, these three were left alone with the suspect in a wooded, brushy area near a construction site. There they continued to question the suspect concerning his companion's name—which Barnette gave them—and other burglaries in the neighborhood. Deputy Whigham testified at trial as to what happened in the wooded area. According to Whigham, Deputy McGreight, a man well over six feet tall and two hundred pounds in weight, began physically abusing the prisoner, hitting him several times in the chest or abdomen and kneeing him in the groin. Barnette's hands were handcuffed behind his back all this time. When Whigham did not join in the beating McGreight told him he was failing to uphold police tradition, whereupon Whigham hit the prisoner once on the shoulder. Appellant "did nothing"

either to participate in or halt the beating. Appellant did later threaten to push Barnette into the bayou, and dragged him to its edge, but did not push him into the water. Later that night Barnette died of the injuries inflicted on him during this custodial interrogation.

Appellant testified in his own behalf that he had never intended to hurt Barnette, and the only harm he had done the suspect had been to stand on his toe once as a psychological ploy during interrogation. He did not strike Barnette when the three deputies were alone with the suspect in the wooded area and had not known McGreight had intended to strike him.

The jury found appellant guilty only of having pulled the prisoner's hair, the act testified to by two civilian witnesses. See *post.*

The jury recommended that appellant's sentence be probated, and the trial court was obliged to follow that recommendation. Article 42.12, § 3a, V.A.C.C.P. Section 6(a) of that article requires that the trial court "shall determine" the conditions of probation. In the instant case the trial court included a condition that appellant pay complainant's family "up to" four thousand dollars as reimbursement for the deceased's funeral expenses. This condition was apparently imposed pursuant to 42.12, § 6(a)(8), which allows the court to order a probationer to:

"Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine."

The court of appeals affirmed, 681 S.W.2d 629, the conviction but found insufficient evidence in the record to support the amount of the ordered restitution, and remanded for a hearing to determine the proper amount. See *Cartwright v. State,* 605 S.W.2d 287 (Tex.Cr.App.1980).

■ The court's charge to the jury advised them that a defendant is guilty of the first degree offense of violating the civil rights of a prisoner.

"if, as a peace officer, he intentionally subjects a person in his custody to bodily injury, knowing his conduct is unlawful, and the death of the prisoner occurs *as a result of the bodily injury.*" *

The charge went on to apprise the jury of various acts of which they were authorized to find appellant guilty. Charging Paragraph I allowed the jury to find appellant responsible for the death of Barnette as a party to McGreight's unlawful striking of Barnette. Paragraphs II–IV authorized the jury to find appellant guilty of striking complainant with his hand, pulling complainant's hair, or standing on his foot, respectively. The jury found appellant guilty under Paragraph III, concerning the pulling of complainant's hair. They thus acquitted him of causing complainant's death. Article 37.14, V.A.C.C.P. See *Pope v. State,* 509 S.W.2d 593, 596 (Tex.Cr.App. 1974).

Here, though appellant was found guilty only of pulling complainant's hair, he was ordered as a condition of probation to pay for funeral expenses arising from complainant's death.

Under federal law this would not have been permissible. See *United States v. Brown,* 699 F.2d 704, 711 (CA5 1983), in which it was held the defendant could be ordered to pay restitution "but only for each count upon which he was convicted." This holding was based, however, on the federal probation statute, 18 U.S.C. § 3651, which is more specific than our own. It allows a trial court to order a probationer to pay restitution "to aggrieved parties for actual damages or loss caused *by the offense for which conviction was had.*"

The Texas statute, by contrast, does not expressly limit the restitution a probationer may be ordered to pay to payment for losses caused only by the offense for which he was convicted. Article 42.12, § 6(a)(8), supra. Given this lack of express limitation, we are called upon in the instant case to interpret the scope of the statute.

* All emphasis is mine throughout.

■ The jury was the factfinder at both the guilt and punishment phases of appellant's trial. The trial court could not substitute its own findings for those of the jury. *Eads v. State*, 598 S.W.2d 304, 308 (Tex.Cr.App.1980). It could not, for example, order appellant to pay the fine that the jury had recommended be probated. *Goehring v. State*, 627 S.W.2d 159, 165 (Tex.Cr.App.1982). In *Shappley v. State*, 520 S.W.2d 766, 775 (Tex.Cr.App.1975), it was held that this Court should avoid a construction of a statute which will render a provision "futile and purposeless," and that to allow a trial court to impose a fine which the jury has recommended be probated "would render a defendant's right to make his motion for probation before a jury 'futile and meaningless' since the judge could circumvent the jury verdict."

To allow the trial court to order appellant to pay the expenses occasioned by a crime for which the jury had found him not responsible would be a similar circumvention of the jury's verdict. It would allow punishment to be imposed for a crime of which appellant was acquitted.

In *Cartwright*, supra, upon which the court of appeals relied, this Court remanded the cause for a hearing to determine the proper amount of restitution the defendant who had received probation could be ordered to pay. In that case we said:

"Certainly whether to order restitution as a condition of probation is within the sound discretion of the trial court. But the dollar amount is a matter that the court 'shall determine,' Article 42.12, § 6h, V.A.C.C.P. Due process considerations thus implicated require that there must be evidence in the record to show that the amount set by the court has a factual basis."

Thus the trial court "shall determine," on a factual basis, the proper amount of restitution. In this case the only *fact* found by the factfinder, on which the court could rely in making such a determination, was that appellant had pulled complainant's hair, in an incident removed both in time and space from the events which led to complainant's death.

■ The court of appeals justified the trial court's order by concluding, "[t]hat appellant was a part of the crime is apparent from the record," and therefore that restitution was properly ordered. *Gordon v. State*, 681 S.W.2d 629, 632 (Tex.App.—Houston [14th] 1984). Such a conclusion makes the appellate court a factfinder and allows it to disregard the jury's specific finding that appellant was not a *party* to the offense that caused complainant's death and funeral expenses. What is apparent from the *judgment* is that appellant was *not* found to have been "a part of the crime." It is undisputed that appellant was present at the scene of the offense. In light of the jury's finding he had no criminal responsibility for complainant's death, however, that mere presence was not a sufficient factual basis for the trial court to order appellant to pay complainant's funeral expenses.

The writer of the concurring opinion in *Bradley v. State*, 478 S.W.2d 527, 531 (Tex. Cr.App.1972) (Roberts, J., concurring on appellant's motion for rehearing), was "of the opinion that the restitution or reparation contemplated in Section 6, does not include restitution to a party other than the victim of the crime for which the defendant was convicted." Thus Judge Roberts argued that a defendant placed on probation could not be ordered to pay restitution to someone other than the victim of the offense. In a similar context the Austin Court of Appeals recently held that a defendant convicted of theft could not be ordered to pay restitution to a victim not named in the indictment. *Bruni v. State*, 669 S.W.2d 829, 836 (Tex.App.—Austin 1984). The rationale of both these pronouncements seems to be that when the defendant's criminal culpability for a third party's losses has not been adjudicated it would be unfair to order the defendant to pay for those losses.

■ In the instant case appellant's criminal responsibility or lack thereof *has* been adjudicated. Whether appellant's actions

caused Barnette's death was a specific issue in the case, on which the jury found in appellant's favor. For the trial court after such a finding to order appellant to pay the expenses occasioned by that death would be a denial of due process, tantamount to penalizing appellant for an offense of which he was acquitted.

We hold that the trial court was without authority under Article 42.12, § 6(a) to order appellant to make restitution for losses caused by an offense for which the jury had found he was not criminally responsible. The judgment of the court of appeals is reversed to the extent that it ordered the cause remanded for a hearing. The judgment of the trial court is reformed to delete the payment of restitution from the conditions of probation. *Basaldua v. State*, 558 S.W.2d 2, 8 (Tex.Cr.App.1977). As reformed the judgment of the trial court is affirmed.

ONION, P.J., and McCORMICK, CAMPBELL and WHITE, JJ., concur in the result.