**Daniel GARCIA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–88–164–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 8, 1989.

Fred Galindo, Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Daniel Garcia, pled guilty to the offense of theft by use of hot checks. The trial court sentenced appellant to eight years' confinement in the Texas Department of Corrections, and ordered that appellant's parole be conditioned on the payment of $19,063.85 in restitution. On appeal, appellant asserts four points of error for review.

The record reveals that appellant was indicted for theft by use of hot checks. The indictment specifically alleged that appellant, pursuant to one scheme and continuing course of conduct, issued four checks when he did not have sufficient funds on deposit with his financial institution for payment in full of these checks. The four checks specified in the indictment were checks numbers 236, 285, 204, and 229.

On December 31, 1987, appellant pled guilty to the charges alleged in the indictment in exchange for a plea bargain agreement. In his written plea, appellant affirmed to the court that the terms of the plea bargain agreement were that the State would recommend seven years' confinement, probated for ten years, with restitution determined by a presentence investigation report (PSI). The trial court accepted appellant's plea of guilty and set the sentencing hearing for February 1, 1988.

On February 1, 1988, the State requested the court to order restitution in the amount

alleged in the PSI. The PSI was not introduced into evidence, and it is not included in the record before us. It is apparent from the statement of facts that the PSI listed other outstanding "hot" checks which were not named in the indictment. Because appellant denied issuing some of these additional checks, the court refused to follow the plea bargain agreement and set the case for trial.

On February 19, 1988, appellant again pled guilty. On this occasion, however, there was no plea bargain agreement between him and the State. Appellant stipulated to the evidence and affirmed that State's exhibits one through six were true and correct. It is important to note that appellant did not agree that restitution would be determined by the PSI.

The court accepted appellant's plea of guilty and thereafter conducted a sentencing hearing. At the hearing, the State introduced exhibits one through six, which were appellant's written plea of guilty, the four checks alleged in the indictment, and business records concerning appellant's bank account. The four checks introduced at trial revealed that check number 236 was issued in the amount of $357.60; check number 285 was issued in the amount of $279.08; check number 204 was issued in the amount of $272.40; and check number 229 was issued in the amount of $179.30 (or a total of $1,088.38 in hot checks).

The record reveals that the State again requested the court to set the amount of restitution pursuant to the PSI. Once again, the record reveals that the PSI was not formally introduced into evidence, and it is not included in the record before us. The statement of facts, however, indicates that appellant strongly disputed owing or issuing some of the checks alleged in the PSI. After reviewing the PSI, the trial court sentenced appellant to eight years' confinement and conditioned parole on the payment of restitution in the amount of $19,063.85.

■ By his fourth point of error, appellant contends that the trial court erred in

not affording him the opportunity to read and address the contents of the presentence investigation report prior to sentencing. We disagree.

Tex.Code Crim.Proc.Ann. art. 42.12 § 4(d) (Vernon Supp.1989) provides that "before sentencing a defendant, the court shall permit the defendant *or his counsel* to read the presentence report (emphasis ours)." In the instant case, appellant's defense counsel announced on the record that he had reviewed the PSI prior to the sentencing hearing. *See Kadlec v. State,* 704 S.W.2d 526, 527 (Tex.App.—Dallas 1986, pet. ref'd). Accordingly, we overrule appellant's fourth point of error.

By his first, second, and third points of error, appellant contends that the trial court erred in ordering $19,063.85 in restitution. Specifically, appellant contends that (1) the trial court "lacked jurisdiction" to order restitution to any person who was not alleged in the indictment as a victim of the crime; (2) in the instant case the only victims of the crime were those alleged in the indictment and they are only entitled to restitution in the amounts of $1,088.90; and (3) the trial court committed error in failing to specify in its judgment to whom and in what amounts the restitution is to be paid.[1]

■ While we cannot say that the trial court committed error in failing to specify the names of the victims and the amounts owed to them, we find that the trial court committed error in (1) conditioning appellant's parole upon payment of the restitution; and (2) in awarding $19,063.85 in restitution when the evidence establishes that the victims of the crime alleged in the indictment were only entitled to restitution in the amount of $1,088.38.

■ Tex.Code Crim.Proc.Ann. art. 42.-18 § 8(g)(1) (Vernon Supp.1989) (formerly article 42.12 § 15(g) (repealed)) provides that:

*The board [of pardons and paroles] may adopt such other reasonable rules*

1. Appellant in his brief states the checks alleged in the indictment were issued in the amount of $1,088.90; however, our calculations reveal the total amount to be $1,088.38.

not inconsistent with law as it may deem proper or necessary *with respect to* the eligibility of prisoners for parole and mandatory supervision, the conduct of parole and mandatory supervision hearings, or *conditions to be imposed upon parolees* and persons released to mandatory supervision. Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. *The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court* and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment, and shall require reasonable progress toward restitution or reparation (emphasis ours).

Initially we note that Article 42.18 § 8(g)(1) specifically states that the trial court can determine an amount of restitution and enter that amount in its sentence. However, it is within the board's sole discretion to condition a defendant's parole upon the payment of restitution within the amount entered in the court's judgment. *Smith v. State,* 761 S.W.2d 546, 548 (Tex. App.—Corpus Christi 1988, no pet.); *Swope v. State,* 723 S.W.2d 216, 229–30 (Tex.App. —Austin 1986, pet. granted). Thus, the trial court was without discretion to condition appellant's parole upon the payment of restitution. *Smith,* 761 S.W.2d at 548.

Likewise, we agree with appellant that the trial court was without authority to award restitution to persons not alleged in the indictment. *Bruni v. State,* 669 S.W.2d 829, 836 (Tex.App.—Austin 1984, no pet.); *compare Romine v. State,* 722 S.W.2d 494, 503 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Harrison v. State,* 713 S.W.2d 760, 765 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Section 8(g)(1) of article 42.18 specifically states that restitution shall be paid to the victims of the defendant's crime. Moreover, in *Gordon v. State,* 707 S.W.2d 626 (Tex. Crim.App.1986), the Texas Court of Criminal Appeals disallowed a trial court order requiring a defendant to pay expenses as a condition of probation for a crime for which the defendant had not been found responsible. The *Gordon* Court explained the rationale behind the *Bruni* Court decision (that restitution could not be made to a person who was not a named victim of the offense) to be that when a defendant's criminal culpability for a third party's loss has not been adjudicated, it would be unfair to order the defendant to pay for those loses. *Gordon,* 707 S.W.2d at 629. We believe such reasoning to be both proper and applicable to this case.

In the case before us, appellant pled guilty only to the offense of issuing the four checks named in the indictment. Appellant was not indicted for and did not plead guilty to issuing the other checks designated in the PSI. Appellant did not agree that his restitution should be determined by the PSI. To the contrary, he specifically refuted owing some of the amounts alleged in the PSI. Accordingly, the only victims in the instant case were the victims of the crime for which appellant was convicted. The trial court had no authority to order restitution to victims of offenses for which the appellant had not been adjudicated guilty.

Since the undisputed evidence establishes that the value of the checks alleged in the indictment is $1,088.38, the court's order that appellant pay $19,063.85 in restitution cannot stand. *Rodriguez v. State,* 710 S.W.2d 167, 169 (Tex.App.—San Antonio 1986, pet. ref'd). Hence, appellant's first and third points of error are sustained. Appellant's second point of error is overruled.

The trial court's judgment is reformed to delete the conditioning of appellant's parole upon payment of the restitution and to reflect that restitution is to be paid to the victims named in the indictment in the amount of $1,088.38. *Gordon,* 707 S.W.2d at 630; *Bruni,* 669 S.W.2d at 836; *Rodriguez,* 710 S.W.2d at 169. As reformed, the judgment of the trial court is affirmed.