TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00400-CR






Christopher Walton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0010-S, HONORABLE CURT F. STEIB, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty and judicially confessed to stealing property having a value
of at least $750 but less than $20,000. Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985
Tex. Gen. Laws 2244, amended by Act of May 10, 1993, 73d Leg., R.S., ch. 203, §§ 4, 5, 1993
Tex. Gen. Laws 390, 391-92 (Tex. Penal Code Ann. § 31.03(a), (e)(4)(A), since amended). The
district court adjudged appellant guilty, assessed punishment at imprisonment for six years,
suspended imposition of sentence, and placed appellant on community supervision.

 On November 6, 1993, burglars broke into buildings owned by John Christopher
Dublin in San Angelo and stole tools, a video cassette recorder (VCR), and other property worth
approximately $14,000. There is no evidence that appellant was a party to the burglary. During
the next few days, appellant purchased the stolen VCR from the burglars and took some of the
stolen tools to sell on their behalf. When appellant learned that the goods were stolen, he became
frightened and hid the VCR and tools under a bridge. He subsequently led the police to the stolen
property. All of the property taken in the burglary that came into appellant's hands was recovered
and returned to Dublin.

 Appellant complains that the district court unlawfully delegated the responsibility
for setting the conditions of his community supervision to a supervision officer. The record does
not support this claim. Appellant was interviewed by a supervision officer and the officer made
certain recommendations to the court. The court, however, made the final determination
regarding the conditions to be imposed. Point of error three is overruled.

 One of the conditions of appellant's community supervision is that he attend boot
camp. Appellant complains that this was an abuse of discretion because he "is a young man, and
has no prior felony convictions." Trial courts are given broad discretion regarding the conditions
to impose when granting community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
11(a) (West Supp. 1995). We find no basis in the record for disturbing the district court's
decision to order appellant to attend boot camp. Point of error one is overruled.

 Another condition of community supervision is that appellant pay $300 in
restitution to Dublin. Appellant contends this is an abuse of discretion because there is no
evidence to support an order for restitution in that amount. The State concedes error, citing
Martin v. State, 874 S.W.2d 674 (Tex. Crim. App. 1994). 

 Due process requires that there be a factual basis in the record for the amount of
restitution ordered as a condition of community supervision. Cartwright v. State, 605 S.W.2d
287, 289 (Tex. Crim. App. 1980). A defendant may not be required to pay restitution for losses
resulting from an offense for which he is not criminally responsible. Gordon v. State, 707
S.W.2d 626, 630 (Tex. Crim. App. 1986); see Martin, 874 S.W.2d at 677-78 (restitution may
not be awarded to victim of crime for which defendant has not been convicted). 

 Dublin testified that most of the property taken during the burglary was not
recovered. Appellant, however, was neither accused nor convicted of the burglary of Dublin's
buildings and there is no evidence in the record indicating that appellant was criminally
responsible for that offense. Appellant was convicted of theft on the obvious theory that he
appropriated Dublin's property knowing that it was stolen. All of the property appellant
unlawfully appropriated was returned to Dublin. There is no evidence that this property was
damaged. Thus, the restitution order must be based on the losses sustained by Dublin as a result
of the burglary for which appellant has not been shown to be criminally responsible. We conclude
that the district court abused its discretion by ordering appellant to pay restitution for a crime he
did not commit. Point of error two is sustained.

 We also sustain point of error four, in which appellant draws our attention to a
factual error in the judgment. The judgment recites that there was a plea bargain in this cause. 
In fact, as the State agrees, there was no plea bargain. 

 The judgment of conviction is reformed to delete the condition of community
supervision requiring appellant to pay $300 in restitution to Chris Dublin (condition (ff)). The
judgment is further reformed to reflect that there was no plea bargain in this cause. As reformed,
the judgment is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reformed and, as Reformed, Affirmed

Filed: April 5, 1995

Do Not Publish