CONCURRING OPINION


No. 04-99-00279-CR


Ronald Phillip LEMOS,

Appellant

v.

The STATE of Texas,

Appellee

From the 341st Judicial District Court, Webb County, Texas


Trial Court No. K-94-00634-D3


Honorable Elma Teresa Salinas-Ender, Judge Presiding


Opinion by: Catherine Stone, Justice

Concurring opinion by: Sarah B. Duncan, Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: June 7, 2000 

 I concur in the court's judgment only.

 Unlike a challenge to a void sentence, a challenge to an erroneous restitution order can be
and is waived by a failure to object. Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), cert.
denied, 120 S. Ct. 1720 (2000). Thus, Lemos waived his challenge to the trial court's judgment
insofar as it orders restitution for funeral expenses and ambulance and medical fees and the award
for lost income to Mr. Flores' wife and daughter, rather than to Mr. Flores' estate.

 As to restitution for the perishable goods and therapeutic services, the State failed to meet
its "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense
...." Tex. Code Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 1999). There is no evidence
establishing Mrs. Flores was a joint owner of the perishable goods; the goods were lost, damaged,
or destroyed as a result of the conduct for which Lemos was convicted; or therapeutic services were
"necessary" nine years after Mr. Flores' death. See id. art. 42.037(b)(1)(B), (b)(2)(A); Martin v.
State, 874 S.W.2d 674, 682 n.4 (Tex. Crim. App. 1994) ("[T]he named complainant may not always
be the only victim of the crime adjudicated. See Bruni v. State, 669 S.W.2d 829, 836 (Tex.
App.--Austin 1984, no pet.) (restitution properly ordered to both named complainant and his wife
where wife was joint owner of money defendant was convicted of appropriating.)"); Gordon v. State,
707 S.W.2d 626, 629-30 (Tex. Crim. App. 1986) (holding that "the trial court [is] without authority
... to order appellant to make restitution for losses caused by an offense for which the jury had found
he was not criminally responsible").

 Because this appeal can be decided on procedural grounds, I do not follow the majority down
the road of holding that article 42.037(b) permits restitution only for direct results and victims. See
and compare Tex. Code Crim. Proc. Ann. art. 56.01 (distinguishing between "[v]ictim" and
"[c]lose relative of a deceased victim") with Tex. Fam. Code Ann. § 57.001(3) (Vernon Supp. 1999)
("'Victim' means a person who as the result of the delinquent conduct of a child suffers a pecuniary
loss or personal injury or harm."). Perhaps reserving these very serious questions for a case in which
they were squarely presented would afford the legislature an opportunity to clarify its intent.

 Sarah B. Duncan, Justice

Publish