NO. 07-06-0155-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 13, 2006


 ______________________________



RAYFORD DESHAUN JONES a/k/a DANTE MOORE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 264TH DISTRICT COURT OF BELL COUNTY;



NO. 57,387; HON. MARTHA J. TRUDO, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Rayford Deshaun Jones appeals his conviction for tampering with physical
evidence. Through two issues, he contends that 1) his right against self-incrimination was
violated when he engaged in a dialogue with the trial court prior to sentencing, and 2) the
trial court erred in ordering him to pay court costs and attorney's fees as a condition of his
parole. We modify the judgment and, as modified, affirm it.

 

 Issue One - Self-incrimination

 Appellant's right against self-incrimination was allegedly violated when he engaged
in a conversation with the trial court prior to sentencing. The dialogue consisted of the trial
court asking him whether he underwent drug testing. The latter testing was required as a
condition of his remaining free on bond pending the imposition of sentence. In response
to the inquiry, appellant informed the trial judge that though he tried to submit to testing,
his efforts were futile. At that point, the trial court directed him to immediately submit to
testing. From comments made by defense counsel after the test was completed, one can
presume that the ensuing test revealed the presence of marijuana in appellant's body.

 It is clear that the exchange at issue occurred within the presence of appellant's
attorney. Moreover, neither appellant nor his attorney objected to it or in any way invoked
appellant's right to forego incriminating himself. Nor did either the State or trial court
express or otherwise insinuate that any effort to avoid responding to the inquiries would
result in adverse consequences for appellant. Again, the trial court simply asked several
questions regarding appellant's compliance with a condition of bail, to which questions
appellant responded. Given the absence of any effort by appellant to invoke his right
against self-incrimination as well as the absence of any indication that an attempt to invoke
that right would have resulted in adverse consequences, appellant failed to preserve his
first issue for review. See Chapman v. State, 115 S.W.3d 1, 6-8 (Tex. Crim. App. 2003)
(holding that to preserve a claim founded upon the right against self-incrimination, one
must either 1) invoke the right or 2) be faced with circumstances suggesting that invocation
of the right would result in some form of punishment). So, we overrule it.


 Issue Two - Conditions of Parole 

 Next, appellant complains of the trial court's effort to require the payment of
attorney's fees and court costs as conditions of his parole. (1) We sustain the complaint.

 A trial court has no authority to order conditions to appellant's parole. Campbell v.
State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that a trial court has no authority
to require restitution as a condition of parole); Bray v. State, 179 S.W.3d 725, 728 (Tex.
App.- Fort Worth 2005, no pet.) (stating that the trial court may not order payment of
attorney's fees as a condition of parole). And, the State concedes as much. So, in
ordering appellant to "pay court costs, attorney [sic] fees, fines, and restitution as a
condition of parole," the trial court erred, and we delete those conditions from the
judgment. See Garcia v. State, 773 S.W.2d 694, 697 (Tex. App.-Corpus Christi 1989, no
pet.) (deleting the unauthorized condition from the judgment).

 The judgment is reformed to delete from it that paragraph ordering the payment of
court costs, attorney's fees, fines and restitution as conditions of parole. As reformed, the
judgment is affirmed. 

 Brian Quinn 

 Chief Justice


Do not publish.

 
1. The trial court also ordered appellant to pay fines and restitution as a condition of his parole. Yet,
appellant does not complain about these. Nonetheless, our adjudication of the dispute will encompass these
conditions as well.