NO. 07-06-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 13, 2006
_____

RAYFORD DESHAUN JONES a/k/a DANTE MOORE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 57,387; HON. MARTHA J. TRUDO, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Rayford Deshaun Jones appeals his conviction for tampering with physical evidence. Through two issues, he contends that 1) his right against self-incrimination was violated when he engaged in a dialogue with the trial court prior to sentencing, and 2) the trial court erred in ordering him to pay court costs and attorney's fees as a condition of his parole. We modify the judgment and, as modified, affirm it.

*Issue One – Self-incrimination*

Appellant's right against self-incrimination was allegedly violated when he engaged in a conversation with the trial court prior to sentencing. The dialogue consisted of the trial court asking him whether he underwent drug testing. The latter testing was required as a condition of his remaining free on bond pending the imposition of sentence. In response to the inquiry, appellant informed the trial judge that though he tried to submit to testing, his efforts were futile. At that point, the trial court directed him to immediately submit to testing. From comments made by defense counsel after the test was completed, one can presume that the ensuing test revealed the presence of marijuana in appellant's body.

It is clear that the exchange at issue occurred within the presence of appellant's attorney. Moreover, neither appellant nor his attorney objected to it or in any way invoked appellant's right to forego incriminating himself. Nor did either the State or trial court express or otherwise insinuate that any effort to avoid responding to the inquiries would result in adverse consequences for appellant. Again, the trial court simply asked several questions regarding appellant's compliance with a condition of bail, to which questions appellant responded. Given the absence of any effort by appellant to invoke his right against self-incrimination as well as the absence of any indication that an attempt to invoke that right would have resulted in adverse consequences, appellant failed to preserve his first issue for review. *See Chapman v. State*, 115 S.W.3d 1, 6-8 (Tex. Crim. App. 2003) (holding that to preserve a claim founded upon the right against self-incrimination, one must either 1) invoke the right or 2) be faced with circumstances suggesting that invocation of the right would result in some form of punishment). So, we overrule it.

*Issue Two – Conditions of Parole*

Next, appellant complains of the trial court's effort to require the payment of attorney's fees and court costs as conditions of his parole.[1] We sustain the complaint.

A trial court has no authority to order conditions to appellant's parole. *Campbell v. State,* 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that a trial court has no authority to require restitution as a condition of parole); *Bray v. State,* 179 S.W.3d 725, 728 (Tex. App.– Fort Worth 2005, no pet.) (stating that the trial court may not order payment of attorney's fees as a condition of parole). And, the State concedes as much. So, in ordering appellant to "pay court costs, attorney [sic] fees, fines, and restitution as a condition of parole," the trial court erred, and we delete those conditions from the judgment. *See Garcia v. State,* 773 S.W.2d 694, 697 (Tex. App.–Corpus Christi 1989, no pet.) (deleting the unauthorized condition from the judgment).

The judgment is reformed to delete from it that paragraph ordering the payment of court costs, attorney's fees, fines and restitution as conditions of parole. As reformed, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1] The trial court also ordered appellant to pay fines and restitution as a condition of his parole. Yet, appellant does not complain about these. Nonetheless, our adjudication of the dispute will encompass these conditions as well.

3