

# NUMBER 13-13-00204-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NAN CANION,                                               **Appellant,**

**v.**

THE STATE OF TEXAS,                                 **Appellee.**

### On appeal from the 24th District Court
### of Calhoun County, Texas.

# MEMORANDUM OPINION

### Before Chief Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

By six issues, which we consolidate and re-number as four issues, appellant, Nan

Canion, challenges the trial court's finding of guilt and subsequent order of restitution.

We affirm.

## I.  BACKGROUND[1]

A Calhoun County grand jury indicted Canion for theft of an amount more than $1,500 but less than $20,000 ("the 7227 indictment"), a state jail felony enhanced to a third-degree felony.  *See* TEX. PENAL CODE ANN. § 31.03 (e)(4)(A), (f)(3)(B) (West, Westlaw through 2013 3d C.S.) (enhancing the offense if shown that the owner of the property appropriated was at the time of the offense a nonprofit organization).

The allegations in the 7227 indictment stem from Canion's role as treasurer for the Calhoun County Youth Rodeo Association (CCYRA), a nonprofit organization. According to the State's indictment, Canion unlawfully appropriated money by writing several unauthorized checks from the CCYRA's bank account from May 20, 2009 through September 29, 2010.   Subsequently, the State indicted Canion for an additional charge of theft of an amount more than $1,500 but less than $20,000 ("the 7228 indictment") arising from alleged unauthorized checks written while Canion served as CCYRA's treasurer during the period of 2007 through 2008.

Canion and the State reached a plea agreement in which Canion waived her right to a jury trial and plead guilty to the 7227 indictment.   The State agreed to dismiss the 7228 indictment, and the agreement further states that restitution was "TBD . . . at [the] punishment hearing."

On January 3, 2013, Canion entered an open plea of guilty to the trial court on the 7227 indictment and judicially confessed to all of the allegations contained in the 7227 indictment.   The trial court took the plea under advisement and reset the case for a separate sentencing hearing.   On March 8, 2013, the trial court held a hearing to decide

---

[1] A related civil appeal styled *Canion v. Roberts, Roberts Odefey & White* with appellate cause number 13-13-00258-CV is also before this Court.

2

Canion's punishment.  Several witnesses testified at the hearing, including Canion.

At the conclusion of the hearing, the trial court found that the evidence substantiated Canion's guilt, deferred adjudication, and placed Canion on probation for ten years.  In addition to other punishments including required completion of community service hours and a $2,500 fine, the trial court ordered Canion to pay restitution to the CCYRA in the amount of $20,847.  This appeal followed.

## II. SUFFICIENCY OF EVIDENCE

By her second issue, Canion asserts that the State failed to present sufficient evidence to support her plea of guilty.

### A. Applicable Law and Standard of Review

The statute controlling this issue states the following:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing . . . ; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (West, Westlaw through 2013 3d C.S.).

The *Jackson* standard of review for sufficiency challenges is inapplicable where a defendant enters a plea of nolo contendere or guilty.  *See Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd).  Instead, an appellate court

will affirm the trial court's judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt. *Id.*; *see also Tijerina v. State*, 264 S.W.3d 320, 323 (Tex. App.—San Antonio 2008, pet. ref'd). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea under article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g).

### B. Discussion

The January 3, 2013 plea hearing record shows that the trial court asked Canion whether she had reviewed and signed the State's punishment recommendation, her judicial confession, and plea memorandum submitted to the trial court as evidence. Canion replied in the affirmative. The trial court further inquired whether she was waiving her right to trial, confrontation, and cross examination of witnesses solely on the issue of guilt. Canion again replied in the affirmative. Finally, Canion made a voluntary plea of guilty to the trial court on the 7227 indictment.

Canion argues that the State failed to meet its burden under article 1.15. We disagree. The State introduced, without objection, Canion's judicial confession which stated the following:

> Under oath, in writing and in open Court, I swear that I have read the indictment . . . in this cause, that I am the person named in the indictment . . . , that I understand everything that it contains and that I am guilty of all allegations made in the indictment . . . , including any amendments or modifications thereto, as well as any lesser included offenses. I agree and understand that the [t]rial [c]ourt will consider this judicial confession as evidence. Finally, I further testify that all allegations contained in the indictment . . . are true and correct.

Under *Dinnery*, Canion's judicial confession regarding "all allegations" made in the 7227 indictment is sufficient to sustain her conviction based upon her guilty plea as required

4

by article 1.15. *See id.* Accordingly, Canion's first issue is overruled.

## III. RESTITUTION

By her first and third issues, Canion asserts that the trial court erred in ordering her to pay: (1) any restitution related to the 7728 indictment; and (2) any restitution at all.

### A. Applicable Law and Standard of Review

In sentencing a defendant convicted of an offense, a trial court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (West, Westlaw through 2013 3d C.S.). Restitution is intended to adequately compensate the victim of the offense in the course of punishing the criminal offender and is focused on the victims of the offenses for which a defendant has been convicted. *Cabla v. State*, 6 S.W.3d 543, 545–46 (Tex. Crim. App. 1999) (internal quotations omitted).

The trial court is also within its sound discretion to order restitution as a condition of probation so long as the amount set by the court has a factual basis in the record and was just. *See Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994). Thus, a trial court's order of restitution is reviewed for an abuse of discretion. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) ("An abuse of discretion by the trial court in setting the amount of restitution will implicate due–process considerations."). This discretion is not unlimited. A trial court may not order restitution for an offense for which the defendant is not criminally responsible. *Campbell*, 5 S.W.3d at 697. Furthermore, a trial court may not order restitution to anyone but the victim or victims of the offense with which the offender is charged. *See Martin*, 874 S.W.2d at 679. Finally, a trial court may

5

not order restitution to other victims unless their losses have been adjudicated. *Campbell*, 5 S.W.3d at 697.

### B. Discussion

In her first issue, Canion argues that the trial court abused its discretion by ordering her to pay restitution for an amount related to the 7228 indictment because she was not found criminally responsible for the 7228 indictment.

A trial court may only order a defendant to make restitution for losses caused by an offense for which she has been found criminally responsible. *Gordon v. State*, 707 S.W.2d 626, 630 (Tex. Crim. App. 1986). Canion correctly points out that because the State only prosecuted the 7227 indictment, she was only criminally responsible for the 7227 indictment; however, the procedural posture of this case renders the rule in *Gordon* inapplicable.

In *Gordon*, the defendant was found guilty of violating the civil rights of a prisoner. At the time of the decision, such a charge was a third-degree felony. If the prisoner sustained a serious bodily injury, the charge was enhanced to a second-degree felony; if death occurred, the charge became a first-degree felony. *See id.* at 627. The prisoner in *Gordon* died from his injuries, but the jury found Gordon guilty solely of the third-degree felony. The jury recommended that Gordon's sentence be probated, and the trial court followed that finding with the condition of probation that Gordon pay the prisoner's family restitution of "up to" four thousand dollars as a reimbursement for the decedent's funeral expenses. *See id.* at 628. The court of criminal appeals held that in light of the jury's finding, the trial court's order for Gordon to pay the decedent's funeral expenses was a denial of due process, "tantamount to penalizing [Gordon] for an offense

6

of which he was acquitted."

Unlike in *Gordon*, Canion entered into a negotiated plea agreement with the State, which was admitted into evidence at the sentencing hearing. The record reflects that the restitution was "TBD . . . at punishment hearing." Furthermore, the State agreed to "dismiss" the 7228 indictment. The record reveals that Canion's trial counsel acknowledged at the conclusion of the plea hearing that the amount of restitution to be determined by the trial court would relate to the allegations in the 7227 and 7228 indictments:

> [DEFENSE COUNSEL]: [. . .] I've been apprized be the D.A. that the only restitution amounts that we're going to be talking about are in 7227 and 7228 that we're limiting our parameter to that and that way I can know exactly what to present to the court in both the P.S.I. and punishment hearing set for March 8th.
>
> [THE STATE]: That's correct, your Honor, we're not going beyond 2007.

At the March 8, 2013 sentencing hearing, the State introduced two sets of the CCYRA's bank statements for the years 2009 through 2010 and the years 2007 through 2008. Prior to the admission of these two exhibits, Canion's trial counsel made the following statement:

> [DEFENSE COUNSEL]: [. . .] Number two, and more importantly, is that my understanding of the agreement with the Court that even though the other indictment was dismissed the Court was going to allow him to put in evidence of the 7228, which is the 2007 and 2008 and I'm understanding that was the agreement, so with that understanding then no other objection other than that.

When Canion agreed to the terms of a plea bargain agreement, she was deemed

7

to enter into the agreement knowingly and voluntarily unless shown otherwise, and, in effect, became a party to a "contract" with the State. *See Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982). The "contract" becomes operative when the court announces it will be bound by the plea agreement. *Id.* Both the defendant and the State are bound to carry out the terms of the agreement as set out by the parties. *Id.* To allow Canion to circumvent the terms of an agreement on appeal, after her trial counsel and the State stipulated on the record to its terms regarding what the trial court could consider for purposes of ordering restitution, would defeat the purpose of the agreement and render it meaningless. Therefore, after reviewing the record, we hold that the *Gordon* rule is inapplicable under the facts of this case because a prior agreement had been reached between Canion and the State. Canion's first issue is overruled.

By her third issue, Canion argues that the State failed to meet its burden to show that the amount of the restitution order be supported by a factual basis. We disagree.

The record shows that CCYRA is a non-profit organization in which Canion served as treasurer in an unpaid capacity. CCYRA member Richard Meyer testified that Canion's responsibilities as treasurer involved keeping "the books" and "receipts" as well as a "green money box." Furthermore, the State introduced two separate exhibits of bank statements of transctions for the period of 2009 until 2010 and 2007 until 2008, as well as spreadsheets prepared by the CCYRA's accountant for a meeting between the CCYRA and Canion regarding checks made in Canion's name from the CCYRA's bank account. The trial court also admitted the 7727 and 7728 indictments, which contained itemizations of the checks and totals that the CCYRA claimed Canion

8

misappropriated from the organization for 2007 through 2008 and 2009 through 2010. Meyer testified that the total amount of restitution CCYRA sought to recover was $20,847.86. However, Canion disputed the $20,847.86 figure and testified that she had offered $11,000 in restitution to the CCYRA. Canion also filed a supplement to her pre-sentence investigation report, in which she apologized for her actions and stated that she owed the CCYRA $2,316.08 based upon her own accounting.

When conflicting evidence is presented, reconciliation of those conflicts is within the sole province of the factfinder because it turns on an evaluation of credibility and demeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West, Westlaw through 2013 3d C.S.); *see also Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). Therefore, we conclude that the trial court did not abuse its discretion in ordering Canion to pay restitution in the amount of $20,847.86 because such amount has a factual basis in the record. *See Martin*, 874 S.W.2d at 676. Canion's third issue is overruled.

## IV. PLEA AGREEMENT

Canion argues in her fourth and fifth issues that the trial court erred by admitting and considering evidence "in contravention of the agreed plea recommendation" and not allowing Canion to withdraw her plea.

Specifically, Canion argues in her fourth issue that the trial court improperly considered the 7228 indictment because such an indictment should have been dismissed as part of the plea agreement entered into by the State and Canion. We are unpersuaded. As outlined in Parts II and III of this opinion, Canion voluntarily entered into a plea agreement with the State, in which restitution would be determined at a separate hearing and the State would dismiss the 7228 indictment. Canion contends,

9

however, that she agreed to the plea "with the understanding that the 7228 indictment was to be dismissed and the [trial] court was not going to consider the amounts set out in the 7228 indictment." While the former of Canion's contention is supported by the record, the latter is not. The record is clear that the parties stipulated on the record that the amount of restitution would be limited to the 7227 and 7228 indictments. The State stated on the record that a motion to dismiss the 7228 indictment was filed by the State, but the trial court carried it with the case and did not rule on it. The record shows that the State's agreement to dismiss the 7228 indictment did not affect the parties' agreement, as stated in open court, because the 7227 and 7228 indictments would be considered solely for purposes of determining the amount of restitution. Canion's fourth issue is overruled.

Canion argues by her fifth issue that because the trial court "decline[d]" to follow the plea agreement, it should have *sua sponte* withdrawn Canion's plea of guilty and enter a not guilty plea. We incorporate our review of the record from Parts II, III, and IV of this opinion and note that the record does not show any effort or intent by the trial court to "decline" following the plea agreement. Therefore, Canion's argument is without merit. We overrule Canion's fifth issue.

## V. EVIDENTIARY RULINGS

By Canion's sixth and final issue, she asserts that the trial court erred by admitting copies of spreadsheets prepared by the CCYRA's accountant, labeled State's Exhibits 5, 6, and 7.

### A. Standard of Review and Applicable Law

A trial court's admission of evidence after finding it authentic is reviewed for an

abuse of discretion. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). If the trial court's ruling that a jury could reasonably find proffered evidence authentic is at least "within the zone of reasonable disagreement," we will not interfere. *Id.*

Authentication is a condition precedent to admissibility that may be satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence. *Tienda*, 358 S.W.3d at 638.

## B. Discussion

Canion argues that the trial court abused its discretion by overruling her trial counsel's objections to the authenticity of State's Exhibits 5, 6, and 7 because the State introduced the evidence through an improper witness.

The State introduced State's Exhibits 5, 6, and 7 through CCYRA member Meyer. Prior to the exhibits' admission, Meyer testified that the CCYRA accountant, whose name is not apparent from the record, prepared spreadsheets of the CCYRA bank account transactions in advance of a meeting that Meyer had with Canion. Over Canion's objection on authenticity, the State asked Meyer whether these exhibits were kept by CCYRA in the ordinary course of business, to which Meyer replied "No, sir." Meyer additionally testified that the spreadsheets were prepared by the "CPA" from the CCYRA bank statements. On voir dire by Canion's trial counsel, the following colloquy with Meyer took place:

> [DEFENSE COUNSEL]:  Mr. Meyer, you didn't produce those documents 5, 6 and 7; correct?

11

MEYER:                   No, sir.

Q.                       You didn't look at checks and go back and determine what, if anything, was included in that 5, 6 and 7; correct?

A.                       No, sir.

Q.                       And, in fact, what the prosecutor asked you, you looked at the front page; correct?

A.                       Just now?

Q.                       Yes, sir.

A.                       Yes.

Q.                       Okay. And you can't explain to the Court what the foundation is or the basis of even any of those numbers being on there because you didn't prepare it; correct?

A.                       I did not prepare it; correct.

[DEFENSE COUNSEL]:      Same objection, Judge, no proper foundation.

THE COURT:              [Exhibits] Five, six and seven are admitted.

The record shows that Meyer did not produce or prepare exhibits 5, 6, and 7, nor was he entirely familiar with the exhibits until they were handed to him by the prosecutor. Accordingly, we conclude that the trial court's finding of authenticity was outside of the zone of reasonable disagreement. *See id.* The State could have properly authenticated these records through other evidence, such as the direct testimony of the accountant who prepared the documents.

Because we conclude that the trial court abused its discretion, we must now evaluate for harm. *See* TEX. R. APP. P. 44.2. Generally, if the trial court's ruling merely offends the rules of evidence, the erroneous admission or exclusion of evidence is

12

non-constitutional error for purposes of a harm analysis. *See Celis v. State*, 354 S.W.3d 7, 38 (Tex. App.—Corpus Christi 2011), *aff'd* 416 S.W.3d 419 (Tex. Crim. App. 2013). Non-constitutional errors that do not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (en banc). The inadmissible spreadsheets appeared to be summaries from the CCYRA's more detailed monthly bank statements evidencing transactions, which were admitted without objection. Accordingly, the erroneous admission of the spreadsheets were harmless and did not constitute reversible error. *See id.* Canion's final issue is overruled.

## VI. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2014.