No. 04-99-00279-CR


Ronald Phillip LEMOS,


Appellant



v.



The STATE of Texas,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. K-94-00634-D3


Honorable Elma Teresa Salinas Ender, Judge Presiding



Opinion by: Catherine Stone, Justice

Concurring opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 7, 2000


ORDER REFORMED, AND AS REFORMED, AFFIRMED


 This appeal presents the issue of who qualifies as a victim under Texas' restitution statutes.
We are also asked to determine what type of monetary damages may be the subject of a restitution
order. Appellant Ronald Lemos ("Lemos") challenges the propriety of the trial court's community
supervision order in which Lemos was ordered to pay three distinct amounts of restitution totaling
$48,393. We reform the trial court's order to delete the payment of $22,150 in restitution, and as
reformed, we affirm the trial court's order.

Factual and Procedural Background

 Lemos was indicted for the murder and aggravated robbery of Benjamin Flores, Jr., the
proprietor of a Laredo grocery store. The jury returned a verdict of not guilty on the murder charge,
but guilty on the aggravated robbery charge, with no finding that Lemos used a deadly weapon. On
appeal to this court, the conviction was reversed and remanded on the grounds that a confession was
improperly admitted. See Lemos v. State, No. 04-94-00696-CR (Tex. App.-San Antonio 1996). The
second trial resulted in a conviction for aggravated robbery, again with no finding that Lemos used
a firearm. The jury recommended ten years probation with a $10,000 fine. The judge sentenced
Lemos in accordance with the verdict, and ordered restitution as a condition of probation. 

The Restitution Order

 In this appeal, Lemos challenges only the restitution imposed by the trial court as a condition
of probation. Specifically, Lemos challenges the following provisions of the court's restitution
order:

 It is the order of the Court that ... you shall shall during the period of your probation:

 13. Pay restitution through the Webb County Community Supervision & Corrections
Department to Mrs. Juanita Flores in the amount of $25,188.00 for expenses and
losses incurred as a result of this action ....


 24. Subsidize the decedent's family due to loss of income at the rate of $180.00 a
month for the next ten years through the Webb County Community Supervision and
Corrections Department for a total of $21,205.00.


 25. Be responsible for any therapeutic services necessary for the mental well being
of the victims in this case up to $1,000.00 each as determined by a professional
mental care provider ....


From the sentencing hearing, it is evident that the $25,188 amount ordered in paragraph 13
represents $2,838 for Flores' funeral expenses, $2,200 for ambulance and medical costs incurred by
Mrs. Flores, and $20,150 for perishable goods from the store. Further, the restitution ordered in
paragraph 25 contemplates a maximum payment of $2,000 - $1,000 each for Mrs. Flores and her
adult daughter should they decide in the future to seek mental health therapeutic services. At the
sentencing hearing Lemos stipulated to the accuracy of these amounts; he did not agree, however,
that the court could properly order him to pay these amounts as restitution. 

Standard of Review

 We review challenges to restitution orders under an abuse of discretion standard. Cartwright
v. State, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980). The court abuses its discretion when it
acts in an arbitrary or unreasonable manner. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1990). The court of criminal appeals recognizes three limits on the amount of restitution that
a trial court can order. See Campbell v. State, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999). First,
the amount must be just, and it must supported by a factual basis within the loss of the victim. Id.
Second, the restitution ordered must be for the offense for which the defendant is criminally
responsible. Id. Third, restitution is proper only for the victim or victims of the offense with which
the offender is charged. Id. A trial court's failure to abide by these guiding rules is an abuse of
discretion.Restitution Guidelines

 The inclusion of restitution in the criminal justice system is viewed as an effort to achieve
three goals: rehabilitation, deterrence, and compensation. Linda F. Frank, The Collection of
Restitution: An Often Overlooked Service to Crime Victims, 8 St. John's J. Legal Comment. 107,
113 (1992). As a rehabilitative tool, restitution forces defendants to realize the causal relationship
between their criminal conduct and the victim's loss. Id. Further, restitution can provide the victim
with "material realization and psychological satisfaction." Id. A broad interpretation of restitution
statutes provides judges with "greater discretion in effectuating opportunities for rehabilitating
criminals, deterring future harms, and efficiently compensating victims." Neil D. Okazkai, Note &
Comment, People v. Sexton: Insuring an Absurd Result Through Inflexible Interpretation -The
Court of Appeal Denies Criminal Restitution To a Victim's Insurance Company, 31 Loy. L.A. L.
Rev. 297, 321 (1997). Liberal application of restitution statutes, however, must be balanced by the
due process requirement of "a factual basis in the record for the amount of restitution ordered."
Martin v. State, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994).

 Faced with these competing considerations, we begin our analysis of the propriety of the
instant order under the guidance of relevant statutory provisions. The Texas constitution grants
crime victims the right to restitution. Tex. Const. art. I, § 30 (b)(4). The constitution does not
define the term "victim," but specifies that the Legislature may define the term so as to enforce the
rights of crime victims. Id. at § 30 (c). 

 The Legislature has enacted two restitution statutes relevant to this appeal. First, article
42.12 of the Texas Code of Criminal Procedure provides the framework for community supervision
and authorizes the trial court to impose restitution as a condition of community supervision. The
statute provides:

 (a) The judge of the court having jurisdiction of the case shall determine the
conditions of community supervision and may ... impose any reasonable condition
that is designed to protect or restore the community, protect or restore the victim, or
punish, rehabilitate, or reform the defendant. Conditions of community supervision
may include ... conditions that the defendant shall: 

 

 (18) Reimburse the general revenue fund for any amounts paid from that fund
to a victim, as defined by Article 56.01 of this code, of the defendant's
offense ...


**** 


 (20) Pay all or part of the reasonable and necessary costs incurred by the
victim for psychological counseling made necessary by the offense ...

 

 (b) A judge may not order a defendant to make any payments as a term or condition
of community supervision, except for fines, court costs, restitution to the victim ....


Tex. Code Crim. Proc. Ann. art. 42.12 § 11(a)(b) (Vernon Supp. 2000) (emphasis added). 

 Second, article 42.037 addresses guidelines for restitution orders and provides that:

 (a) In addition to any fine authorized by law, the court that sentences a defendant
convicted of an offense may order the defendant to make restitution to any victim of
the offense.


****


 (i) ... [T]he court may require a probationer to reimburse the crime victims
compensation fund ... for any amounts paid from that fund to a victim of the
probationer's offense. In this subsection, "victim" has the meaning assigned by
Article 56.01 of this code.


Tex. Code Crim. Proc. Ann. art. 42.037 (a)(i) (Vernon Supp. 2000) (emphasis added). Neither
the community supervision statute nor the restitution statute defines the term "victim" other than the
reference to article 56.01. Article 56.01 in turn defines a "victim" as "a person who is the victim of
sexual assault, kidnapping, or aggravated robbery or who has suffered bodily injury or death as a
result of the criminal conduct of another." Id. at art. 56.01(3). With this framework in mind, we
review the trial court's restitution order.

Funeral Expenses

 As part of his first issue on appeal, Lemos argues the trial court erred in ordering restitution
payments for Mr. Flores's funeral expenses. Lemos claims that funeral expenses are not a proper
subject of restitution in this case because he was convicted only of aggravated robbery. Lemos
claims that he cannot be ordered to pay for Flores' funeral expenses because he was not convicted
of causing Flores' death, as evidenced by his acquittal on murder charges and by the jury's refusal
to find that Lemos used a firearm. Contrary to Lemos' argument, the jury's failure to find that he
used or exhibited a firearm is not dispositive of this issue.

 The offense of robbery can be aggravated if (1) a deadly weapon is used or exhibited, or (2)
serious bodily injury is caused. Tex. Pen. Code Ann. § 29.03 (a)(1)(2) (Vernon 1994); Blount v.
State, 851 S.W.2d 359, 363 n.3 (Tex. App.-Houston [1st Dist.] 1993, no pet.).(1) Serious bodily injury
includes injury that "creates a substantial risk of death or that causes death ...." Accordingly, the
death of an aggravated robbery victim is a consequence of aggravated robbery for which the
defendant is criminally responsible.

 In the instant case the indictment combined the first two aggravating elements and charged
that Lemos, while acting with his co-defendant, Antonio Silva, committed aggravated robbery by
using or exhibiting a firearm and causing serious bodily injury to Flores. The court's charge tracked
this language and instructed the jury that it could convict Lemos for his own conduct, or under the
law of parties for Silva's conduct (of exhibiting a deadly weapon and causing serious bodily injury
while in the course of committing robbery). The jury's finding that Lemos committed aggravated
robbery, but that he did not use a firearm, implicitly means that the jury convicted Lemos under the
law of parties for Silva's conduct. Since Flores died as a result of the aggravated robbery, and since
death of the victim is within the statutorily-recognized consequences of aggravated robbery, the trial
court properly ordered Lemos to pay for Flores' funeral expenses. 

 Further, the record of the sentencing hearing reflects that Lemos did not dispute his
responsibility to pay for Mr. Flores' funeral expenses. When discussing the various expenses
included within this portion of the restitution order, Lemos' counsel stated that "I do object to
everything so far but the funeral expenses for Mr. Flores." He later stated that the $2,838 "should
be given to his [Flores'] estate." Under the circumstances, Lemos waived his complaint. See Tex.
R. App. P. 33.1; Gaines v. State, 789 S.W.2d 926, 927 (Tex. App.-Dallas 1990, no pet.) (recognizing
that failure to timely object and obtain adverse ruling preserves nothing for appellate review).

Ambulance & Medical Fees

 Included within the restitution order of $25,188 are expenses in the amount of $2,200 for
ambulance and medical fees incurred by Mrs. Flores. Testimony at trial revealed that Mrs. Flores
entered the store unaware of the robbery, and found her husband mortally wounded on the floor. She
became distraught and was transported by ambulance to a local hospital where she was treated. On
appeal Lemos complains that Mr. Flores, not Mrs. Flores, was the victim of his crime, and that he
cannot be ordered to pay restitution to a non-victim. This complaint, like his complaint regarding
funeral expenses, has been waived. At the sentencing hearing Lemos' counsel recognized that
"[t]hose expenses were incurred immediately after these events and as a result of these events and
so I think the Court would probably be correct in including the $2,200 figure in the restitution. I
withdraw my objection to that." Under these circumstances, the trial court did not abuse its
discretion.

Perishable Goods 

 Lemos objects to the provision of the order requiring him to pay $20,150 for perishable goods
from the grocery store. Apparently a substantial portion of the store's perishable inventory spoiled
following Flores' death. As argued by the State at the sentencing hearing, Mrs. Flores was too
distraught after her husband's death to tend to the store or its perishable inventory.

 Restitution for property damage is governed by article 42.037 (b). Tex. Code Crim. Proc.
Ann. art. 42.037(b)(Vernon Supp. 2000). The statute provides the court with several options when
the offense results in damage, loss, or destruction of the victim's property. The court may order the
property returned to the owner, or if that is not possible, the court may order the defendant to pay for
the value of the property. Id. at art. 42.037 (b)(1)(A). A restitution order for property damage is
proper only when the property damage or destruction is a result of the offense. Id. at art. 42.037
(b)(1).

 Property damage or destruction is not necessarily a consequence of aggravated robbery. It
is undisputed in this case that the property damage did not occur during the commission of the
aggravated robbery. Indeed, it appears that the damage occurred during the days (and possibly
weeks) following Flores' death. Since the record does not establish that the restitution is for the
offense for which Lemos is criminally responsible, the trial court abused its discretion in ordering
restitution in the amount of $20,150 for perishable goods. See Gordon v. State, 707 S.W.2d 626,
629-30 (Tex. Crim. App. 1986).

Therapeutic Services

 Lemos also objects to the provision of the order awarding restitution for therapeutic services
for Mrs. Flores and her daughter. This item of the restitution order specifically presents the question
of whether Mrs. Flores and her daughter qualify as statutory victims of the offense. See Tex. Code
Crim. Proc. Ann. art. 42.037 (Vernon Supp. 2000). The trial court apparently determined Mrs.
Flores and her daughter qualified as victims of the instant offense. Whether the court correctly
applied the statutory definition of "victim" to these parties requires an examination of the restitution
statutes and is a question of law which we review de novo. See arts. 42.12, 42.037. 

 The restitution statutes have undergone extensive revisions. Prior to 1987, the only limitation
on a restitution order was that it be "just" with a sufficient factual basis in the record. Romine v.
State, 722 S.W.2d 494, 495 (Tex. App.-Houston [14th Dist.] 1986), pet. ref'd per curiam, 747
S.W.2d 382 (Tex. Crim. App. 1988); see Cartwright, 605 S.W.2d at 289. In 1987, however, the
Legislature added section 11(b) to article 42.12, which prohibits a restitution order except to the
victim of the crime for which the accused is criminally responsible. Tex. Code Crim. Proc. Ann.
art. 42.12 § 11(b)(Vernon Supp. 2000).(2) Another pivotal revision came in 1993, with the creation
of article 42.037, devoted exclusively to restitution.

 The court of criminal appeals addressed these changes in Martin v. State, 874 S.W.2d 674,
675 (Tex. Crim. App. 1994). Martin involved a conviction for securities fraud. On appeal, the issue
in Martin involved the propriety of a restitution order which extended payments to investors not
linked with the charged offense. Id. Although the court acknowledged the passage of the more
specific article 42.037, the court resolved the issue exclusively within the parameters of article 42.12
and held the trial court erred in ordering the defendant to make restitution payments to parties not
harmed by the defendant's action. As stated by the court:

 A plain reading of the two provisions together leads to the conclusion that subsection
(b) [of article 42.12 §11] serves as a limitation on the restitution that can be ordered
under subsection (a). Subsection (a) sets forth a broad grant of authority, providing
that a court may order a variety of terms and conditions of probation, including a
condition that the defendant make "restitution or reparation in any sum the court shall
determine." Subsection (b), however, imposes limitations on the types of payments
that can be ordered as a condition of probation, providing that no payment can be
ordered except "restitution to the victim" and certain other identified payments.
Further, in the context of the probation statute as a whole, we think it logical to
conclude that subsection (b)'s limitation of restitution to "the victim" refers to the
victim of the crime for which the defendant has been charged, convicted and
sentenced.


Id. at 677 (emphasis added).


 This court reached the same conclusion under the more specific statute, article 42.037, in
Gonzalez v. State, 954 S.W.2d 98, 106 (Tex. App. -San Antonio 1997, no pet.). In construing article
42.037, this court held that:

 [R]estitution is limited to the results of the offense or offenses charged, and that
restitution must be made only to the victim, except that in the interest of justice,
restitution may be made to a person who has compensated the victim for the loss to
the extent the person has paid compensation. 


Id. at 106. This language acknowledges a very limited expansion in Texas to persons such as
insurance companies who compensate victims. See Flores v. State, 513 S.W.2d 66, 69-70 (Tex.
Crim. App. 1974); Maloy v. State, 990 S.W.2d 442, 444 (Tex. App.-Waco 1999, no pet.); see
generally In re M.S., 985 S.W.2d 278, 279 (Tex. App.-Corpus Christi 1999, no pet.). Despite this
very limited expansion, under the current versions of either article 42.12 or article 42.037, courts
reach the same conclusion - restitution exists only for those direct victims of the offense for which
the defendant was charged and convicted. 

 Applying the rationale of these cases to the restitution order here, we reach several
conclusions. First, while Mrs. Flores and her daughter undoubtedly have suffered tremendously from
the senseless death of Mr. Flores, under the statutory scheme of restitution, they fail to qualify as
victims. Admittedly, Mrs. Flores and her daughter are indirect victims of the crime. They were not,
however, recipients of the criminal activity for which Lemos was charged and convicted. See
Gonzales, 954 S.W.2d at 106 (holding that restitution is limited to results of offense charged and
payable only to victim). The only statutorily-recognized victim of the aggravated robbery for which
Lemos was charged and convicted was Mr. Flores. Accordingly, we hold that the trial court
misapplied the scope of the definition and erred in awarding Mrs. Flores and her daughter restitution
for therapeutic expenses. Put differently, these expenses were not incurred as a direct result of the
aggravated robbery. See Cabla v. State, 6 S.W.3d 543, 544 (Tex. Crim. App. 1999), cert. denied,
120 S. Ct. 1730 (2000), (allowing restitution for property damage or medical expenses sustained by
victim as direct result of offense).(3)

Lost Income

 Lemos also challenges the trial court's award of Mr. Flores's lost income payable to Mrs.
Flores. As previously discussed, although Lemos never received a conviction for the murder of
Flores, death of the victim is within the parameters of aggravated robbery - the criminal activity for
which Lemos was convicted. Restitution awards for lost income exist for a deceased victim's estate.
Richardson v. State, 957 S.W.2d 854, 859 (Tex. App. -Tyler 1997, pet. ref'd). Accordingly, the lost
earnings of the victim, Mr. Flores, were a proper subject of the restitution order. Although the
statute provides that damages owed to a deceased victim are to be paid to the victim's estate, and
although there is no evidence establishing Mrs. Flores as the representative of her husband's estate,
Lemos did not object at trial or on appeal that Mrs. Flores failed to establish her status as the estate's
representative.



Conclusion

 Based upon the facts of this case and the relevant statutes, we hold that the trial court
properly ordered restitution in the amounts of $2,838 for funeral expenses, $2,200 for ambulance and
medical services, and $21,205 for lost income. The trial court abused its discretion, however, in
ordering restitution in the amounts of $20,150 for perishable goods and up to $2,000 for therapeutic
services. We reform the trial court's order to reflect in condition 13 of community supervision that
Lemos pay restitution in the amount of $5,038, and we delete condition 25 of community
supervision. As reformed, we affirm the order of the trial court. 


 Catherine Stone, Justice

PUBLISH











1. A third aggravating element involving bodily injury to a person 65 years old or older or to a disabled person
was not alleged in this case. See Tex. Pen. Code Ann. § 29.03 (b) (Vernon 1994).
2. This section first appeared in 1987 as section 6(e), but was renumbered in 1989 as 11(b). The same language
also appeared in section 11(e), which was added in 1989:


 A court may not order a probationer to make any payment[s] [sic] as a term and condition of
probation, except for fines, court costs, restitution to the victim, payment to a local crime stoppers
program, under Subsection (h) of this section, and other terms and conditions expressly authorized by
statute. 


Subsection (e) was deleted by the 73rd Legislature, Acts 1993, 73rd Leg., Ch. 900, § 4.01, p. 3726, but subsection (b)
continues to provide for "restitution to the victim." Martin v. State, 874 S.W.2d 674, 676-77 n. 6 (Tex. Crim. App.
1994).
3. We note that Mrs. Flores and her daughter may have the right to compensation under the Crime Victims'
Compensation Act. See Tex. Code Crim. Proc. Ann. art. 56.31 - .64 (Vernon Supp. 2000).