MARY'S OPINION HEADING 








NO. 12-09-00448-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

CEDRIC DEWAYNE
BLANTON,              §                      APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
 COUNTY, TEXAS

                                                                                                                                                          


                           MEMORANDUM
OPINION

            Cedric
Dewayne Blanton appeals his conviction for possession of a controlled
substance.  In two issues, Appellant contends that the trial court lacked
authority to order him to pay one hundred forty dollars in restitution to the
Texas Department of Public Safety and that the judgment lists the wrong person
as his trial counsel.  We modify the judgment, and as modified, affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance.  Pursuant
to a plea agreement, Appellant pleaded guilty as charged in 2007.  The trial
court deferred adjudication of his guilt and placed him on community
supervision.  Appellant signed the conditions of his community supervision,
which included payment of one hundred forty dollars in restitution.  In 2009,
the State filed an application to adjudicate Appellant’s guilt alleging that he
both used and possessed marijuana and cocaine.  Appellant pleaded true to the
allegations.  The trial court found Appellant guilty, revoked his suspended
sentence, and assessed punishment at sixteen months of confinement in the state
jail.  The judgment also included an order of restitution of one hundred forty
dollars to the Texas Department of Public Safety.  This appeal followed.

 

Restitution

            In
his first issue, Appellant contends that the trial court lacked authority to
order restitution payable to the Texas Department of Public Safety.  

Applicable
Law

In
addition to any fine authorized by law, a sentencing court may order the
defendant to make restitution to any victim of the offense. See Tex. Code Crim. Proc. Ann. art.
42.037(a) (Vernon Supp. 2010).  If the offense results in personal injury to
the victim, the court may order the defendant to make restitution to the victim
for any expenses incurred by the victim as a result of the offense or to the
compensation fund for payments made to or on behalf of the victim.  See id.
art. 42.037(b)(2).  The standard of proof for determining restitution is a
preponderance of the evidence.  See id. art. 42.037(k).  The
burden of proving the amount of loss sustained by the victim is on the state.  Id. 
Due process considerations limit the restitution a trial court can order in
three ways:  (1) the amount must be just and supported by a factual basis
within the record; (2) the restitution ordered must be for the offense for
which the defendant is criminally responsible; and (3) the restitution must be
for the victim or victims of the offense for which the defendant is charged.  See
Drilling v. State, 134 S.W.3d 468, 469 (Tex. Crim. App. 2004); Campbell,
5 S.W.3d at 696–97; Martin v. State, 874 S.W.2d 674, 677-78 (Tex.
Crim. App. 1994).  

Analysis

Appellant
argues that the Department of Public Safety is not a victim in this case and
may not be the recipient of restitution.  Therefore, he asserts that there is
not a statutory basis for the trial court’s restitution order in this case.[1] 
Appellant does not argue that the evidence does not support the amount of the
order.  

As
the State points out, this court has held that the complaint that the trial
court lacks the legal authority to assess restitution to the Department of
Public Safety is one that must be preserved by contemporaneous objection. See
Kassube v. State, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 Tex.
App. LEXIS 1442, at *10-11 (Tex. App.–Tyler Feb. 26, 2010, no pet.) (mem. op.,
not designated for publication) (citing Tex.
R. App. P. 33.1; Idowu v. State, 73 S.W.3d 918, 921
(Tex. Crim. App. 2002) (“If a defendant wishes to complain about the
appropriateness of (as opposed to the factual basis for) a trial court’s
restitution order, he must do so in the trial court, and he must do so
explicitly.”); Lemos v. State, 27 S.W.3d 42, 46-47 (Tex. App.–San
Antonio 2000, pet. ref’d)).  Appellant did not object to the ordered restitution
when sentence was pronounced and did not raise this issue in a motion for new
trial.  

Because
Appellant did not object in the trial court, he failed to preserve a complaint
about the trial court’s ability to make the restitution order in this case. 
Accordingly, we overrule Appellant’s first issue.

 

Judgment

            In
his second issue, Appellant argues that the judgment lists the wrong person as
his trial counsel.  The judgment in a criminal case must list the name of the
defendant’s counsel.  See Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(2) (Vernon Supp. 2010).  The
statute does not specifically state whether trial counsel or appellate counsel,
when they are different, should be listed.  In context, however, it appears
that it is trial counsel who should be listed because the other required
entries relate to the trial or the final hearing in the case.  Id.


The
judgment in this case was signed on December 10, 2009.  Appellate counsel was
appointed on December 11, the same day Appellant filed his notice of appeal. 
The judgment lists appellate counsel as Appellant’s counsel and does not list
the attorney who represented him at the hearing on the State’s motion to
adjudicate guilt.  

Appellant
requests that we amend the judgment to delete the name of his appellate counsel
and replace it with the name of his trial counsel.  The State notes that the
case law supports Appellant’s request and joins it.  See Watson v. State,
Nos. 05-08-00541-CR, 05-08-00542-CR, 2010 Tex. App. LEXIS 4650, *3-4 (Tex.
App.–Dallas June 18, 2010, no pet.) (mem. op., not designated for publication). 
As the court stated in Watson, we have the authority to modify or
reform an incorrect judgment when we have the necessary information before us
to do so. Id; see also Tex.
R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28
(Tex. Crim. App. 1993); Blas v. State, Nos. 12-06-00305-CR,
12-06-00306-CR, 2007 Tex. App. LEXIS 2565, at *5 (Tex. App.–Tyler Mar. 30,
2007, no pet.) (mem. op., not designated for publication). 

We
have the necessary information before us.  The State stipulates that Donald S.
Davidson represented Appellant prior to his conviction.  Davidson filed a
motion to withdraw as counsel following the final hearing in this case. 
According to the reporter’s record, Davidson represented Appellant at that
hearing, which immediately preceded the entry of the signed judgment. 
Therefore, we sustain Appellant’s second issue.

 

Disposition

            We
modify the judgment to reflect that Appellant was represented by
Donald S. Davidson.  Having overruled Appellant’s first issue, we affirm
the judgment of the trial court as modified. 

   
Brian Hoyle    

        
Justice

 

 

 

Opinion delivered October 29, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] A trial court may order
reimbursement to law enforcement agencies for analysis of controlled substances
when a defendant is placed on community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 11(a)(19) (Vernon
Supp. 2010).  And there is a provision for the imposition of restitution or
reparations upon the revocation of community supervision, but at least one
court has held that reimbursement for the analysis of controlled substances is
not restitution or reparations.  See id. § 23(a); Aguilar
v. State, 279 S.W.3d 350, 353–54 n.1 (Tex. App.–Austin 2007, no pet.); but
see Horton v. State, No. 10-09-00258-CR, 2010 Tex. App. LEXIS 3828,
*8-10 (Tex. App.–Waco May 19, 2010, pet. ref’d) (mem. op., not designated for
publication) (payment to Department of Public Safety is reparations).