# NO. 12-09-00448-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CEDRIC DEWAYNE BLANTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH  COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Cedric Dewayne Blanton appeals his conviction for possession of a controlled substance. In two issues, Appellant contends that the trial court lacked authority to order him to pay one hundred forty dollars in restitution to the Texas Department of Public Safety and that the judgment lists the wrong person as his trial counsel.  We modify the judgment, and as modified, affirm.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance.  Pursuant to a plea agreement, Appellant pleaded guilty as charged in 2007.  The trial court deferred adjudication of his guilt and placed him on community supervision.  Appellant signed the conditions of his community supervision, which included payment of one hundred forty dollars in restitution.  In 2009, the State filed an application to adjudicate Appellant's guilt alleging that he both used and possessed marijuana and cocaine.  Appellant pleaded true to the allegations. The trial court found Appellant guilty, revoked his suspended sentence, and assessed punishment at sixteen months of confinement in the state jail.  The judgment also included an order of restitution of one hundred forty dollars to the Texas Department of Public Safety.  This appeal

followed.

<u>**RESTITUTION**</u>

In his first issue, Appellant contends that the trial court lacked authority to order restitution payable to the Texas Department of Public Safety.

**Applicable Law**

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (Vernon Supp. 2010). If the offense results in personal injury to the victim, the court may order the defendant to make restitution to the victim for any expenses incurred by the victim as a result of the offense or to the compensation fund for payments made to or on behalf of the victim. *See id*. art. 42.037(b)(2). The standard of proof for determining restitution is a preponderance of the evidence. *See id*. art. 42.037(k). The burden of proving the amount of loss sustained by the victim is on the state. *Id.* Due process considerations limit the restitution a trial court can order in three ways: (1) the amount must be just and supported by a factual basis within the record; (2) the restitution ordered must be for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the defendant is charged. *See* ***Drilling v. State***, 134 S.W.3d 468, 469 (Tex. Crim. App. 2004); ***Campbell***, 5 S.W.3d at 696–97; ***Martin v. State***, 874 S.W.2d 674, 677-78 (Tex. Crim. App. 1994).

**Analysis**

Appellant argues that the Department of Public Safety is not a victim in this case and may not be the recipient of restitution. Therefore, he asserts that there is not a statutory basis for the trial court's restitution order in this case.[1] Appellant does not argue that the evidence does not support the amount of the order.

As the State points out, this court has held that the complaint that the trial court lacks the

---

[1] A trial court may order reimbursement to law enforcement agencies for analysis of controlled substances when a defendant is placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a)(19) (Vernon Supp. 2010). And there is a provision for the imposition of restitution or reparations upon the revocation of community supervision, but at least one court has held that reimbursement for the analysis of controlled substances is not restitution or reparations. *See id*. § 23(a); ***Aguilar v. State***, 279 S.W.3d 350, 353–54 n.1 (Tex. App.–Austin 2007, no pet.); *but see* ***Horton v. State***, No. 10-09-00258-CR, 2010 Tex. App. LEXIS 3828, *8-10 (Tex. App.– Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication) (payment to Department of Public Safety is reparations).

2

legal authority to assess restitution to the Department of Public Safety is one that must be preserved by contemporaneous objection. *See* **Kassube v. State**, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 Tex. App. LEXIS 1442, at *10-11 (Tex. App.–Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1; *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly."); **Lemos v. State**, 27 S.W.3d 42, 46-47 (Tex. App.–San Antonio 2000, pet. ref'd)). Appellant did not object to the ordered restitution when sentence was pronounced and did not raise this issue in a motion for new trial.

Because Appellant did not object in the trial court, he failed to preserve a complaint about the trial court's ability to make the restitution order in this case. Accordingly, we overrule Appellant's first issue.

### JUDGMENT

In his second issue, Appellant argues that the judgment lists the wrong person as his trial counsel. The judgment in a criminal case must list the name of the defendant's counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (Vernon Supp. 2010). The statute does not specifically state whether trial counsel or appellate counsel, when they are different, should be listed. In context, however, it appears that it is trial counsel who should be listed because the other required entries relate to the trial or the final hearing in the case. *Id*.

The judgment in this case was signed on December 10, 2009. Appellate counsel was appointed on December 11, the same day Appellant filed his notice of appeal. The judgment lists appellate counsel as Appellant's counsel and does not list the attorney who represented him at the hearing on the State's motion to adjudicate guilt.

Appellant requests that we amend the judgment to delete the name of his appellate counsel and replace it with the name of his trial counsel. The State notes that the case law supports Appellant's request and joins it. *See* **Watson v. State**, Nos. 05-08-00541-CR, 05-08-00542-CR, 2010 Tex. App. LEXIS 4650, *3-4 (Tex. App.–Dallas June 18, 2010, no pet.) (mem. op., not designated for publication). As the court stated in **Watson**, we have the authority to modify or reform an incorrect judgment when we have the necessary information before us to do

3

so. *Id*; *see also* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); ***Blas v. State***, Nos. 12-06-00305-CR, 12-06-00306-CR, 2007 Tex. App. LEXIS 2565, at *5 (Tex. App.–Tyler Mar. 30, 2007, no pet.) (mem. op., not designated for publication).

We have the necessary information before us. The State stipulates that Donald S. Davidson represented Appellant prior to his conviction. Davidson filed a motion to withdraw as counsel following the final hearing in this case. According to the reporter's record, Davidson represented Appellant at that hearing, which immediately preceded the entry of the signed judgment. Therefore, we sustain Appellant's second issue.

## DISPOSITION

We *modify* the judgment to reflect that Appellant was represented by Donald S. Davidson. Having overruled Appellant's first issue, we *affirm* the judgment of the trial court as *modified*.

BRIAN HOYLE
Justice

Opinion delivered October 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4