Affirmed; Affirmed as
Modified; and Memorandum Opinion filed March 29, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00586-CR

NO.
14-10-00587-CR

NO.
14-10-00588-CR

NO. 14-10-00589-CR

NO.
14-10-00590-CR

NO.
14-10-00591-CR

NO.
14-10-00592-CR

NO.
14-10-00593-CR



Valerie Ann Williams, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 506th District Court

Waller County, Texas

Trial Court
Cause Nos. 09-10-13345, 09-10-13346, 09-10-13347, 

09-10-13348,
09-10-13349, 09-10-13350, 09-10-13351, 09-10-13352



 

MEMORANDUM OPINION 

Appellant Valerie Ann Williams challenges the
restitution orders entered as a condition of her probation in cause numbers
09-10-13351 and 09-10-13352.  She asserts that there is no evidence to support
these orders.  We modify the judgments and affirm as modified.  We further
affirm the judgments in cause numbers 09-10-13345 through 09-10-13350.

BACKGROUND

Appellant pleaded guilty to eight charges of cattle
theft.  The following table lists relevant facts regarding each indictment:




 
 
 Trial Court
 Cause No.
 
 
 Date Alleged
 
 
 Complainant
 
 
 
 
 09-10-13345
 
 
 08/20/09
 
 
 Victor
 Molnosky
 
 
 
 
 09-10-13346
 
 
 08/23/09
 
 
 David Glover
 
 
 
 
 09-10-13347
 
 
 08/26/09
 
 
 David Glover
 
 
 
 
 09-10-13348
 
 
 08/21/09
 
 
 Eula Richard
 
 
 
 
 09-10-13349
 
 
 08/28/09
 
 
 Troy Tesch
 
 
 
 
 09-10-13350
 
 
 08/18/09
 
 
 Forrest Busby
 
 
 
 
 09-10-13351
 
 
 09/08/09
 
 
 Victor
 Molnosky
 
 
 
 
 09-10-13352
 
 
 09/04/09
 
 
 Gary Gostecnik
 
 




Six of the
charges were state-jail felonies.[1] 
Because of a change in the law, two of the charges were third-degree felonies.[2]  After
accepting appellant’s guilty plea, the trial court ordered the preparation of a
pre-sentence investigation (“PSI”) report and recessed the proceedings for a sentencing
hearing to be held at a later date.

At appellant’s sentencing hearing, two law
enforcement officials described their investigation into the offenses and how
they discovered appellant’s involvement.  Additionally, Phylicia Glover, the
wife of complainant David Glover, testified that appellant had stolen nine
cattle from the Glover family and that the Glover family had purchased these
cattle for roughly $4,600.  She further stated that the family had been
reimbursed for about $2,400 from the auction houses that had sold the cattle,
but explained that they had paid feed, medical, and hay bills for these cattle
and had not gotten any of that money back.  Complainant Gary Gostecnik
testified that appellant had taken two cattle from him; he estimated that they
were worth about $400 each at the time of the theft.  Complainant Eula Richard
also testified;[3]
she stated that six of her cattle were stolen by appellant and that their value
was approximately $3,000.  No objections were lodged to any of this valuation
testimony.

In addition to this testimony, the trial court stated
that it had reviewed the PSI report.  This report contained, among other
things, details about the thefts and various estimates of the value of the
cattle stolen.  The cattle stolen from the Glover family were valued in the
report at $8,400.  Eula Richard valued her cattle at $3,000 in the report. 
Victor Molnosky valued his stolen cattle at $3,700.  Troy Tesch reported that
the value of his stolen cattle was $6,550.  Finally, Gary Gostecnik valued the
cattle stolen from him at $1,000.  No objections were made regarding the PSI
report.  

In closing argument, appellant’s counsel stated:

I would urge this court that the court order restitution
which at this point is around $10,000 or may be increased, that the court even
allow the State, Ms. Williams I don’t think would have any problem agreeing,
that the Court maybe even allow the State to go back and talk to some of these
victims again and see whether or not there might be an increase in restitution
based on factors like Ms. Glover brought up where there was an additional $2400
because they got market value, they took out a loan.  Well, it doesn’t make any
sense that they should have to eat the balance of that loan.  So, there might
be an increase in restitution.  And I would strongly urge the court to have the
State go back and even re-evaluate restitution if necessary.  Grant a deferred
in a -- honestly Judge, I think probably ten years would probably be --
what probably might be warranted in this case.  We’re talking about maybe
15 at least $10,000 restitution, $12,000 maybe a few more thousand, if that’s
about a thousand or $1200 a year, then it’s an amount that doesn’t set a person
up for failure but an amount that can reasonably be paid, and these victims can
be compensated for what’s been taken from them, at least financially.

After
hearing the evidence and reviewing the PSI report, the trial court sentenced
appellant to fifteen months in state jail for each of the six state-jail
felonies, with the sentences to run concurrently.  For the two third-degree
felonies, the trial court sentenced appellant to seven years’ incarceration,
but probated her sentences and placed her on community supervision for ten
years[4]. 
The trial court ordered, among other conditions of community supervision,
restitution as follows:  (1) $4,600 to David Glover; (2) $3,000 to Eula
Richard; (3) $3,800 to Victor Molnosky; (4) $3,000 to Troy Tesch; and (5)
$800 to Gary Gostecnik.  Appellant did not object to the restitution orders,
but she refused to sign the acknowledgement that she (a) received a copy of her
conditions of probation/community supervision and (b) fully understood the
terms and conditions imposed.  No motion for new trial was filed, and this
appeal timely followed.

ANALYSIS

When a defendant is placed on community supervision,
the trial court may impose as a condition of community supervision a
requirement that the defendant pay restitution to the victim(s) of the
offense.  See Tex. Code Crim. Proc. arts. 42.037(h), 42.12 § 11(b).  In
determining whether to order restitution and the appropriate amount of
restitution, the court must consider the amount of the loss of the victim and
other factors the court deems appropriate.  Id. 42.037(c).  A court may
order a community supervision and corrections department to obtain information
pertaining to these factors, which may be included in a PSI report if the court
so directs the department.  Id. art. 42.037(j).  The State must
establish the amount of the loss sustained by a victim by a preponderance of
the evidence.  Id. art. 42.037(k).  The defendant bears the burden of
demonstrating her financial resources and needs.  Id.  Any disputes
regarding the proper amount or type of restitution must be resolved by the
trial court.  Id.  

We review restitution orders under an
abuse-of-discretion standard.  Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. [Panel Op.] 1980).  Due process considerations limit the
restitution a trial court can order in three ways:  (1) the amount must be just
and supported by a factual basis within the record; (2) the restitution ordered
must be for the offense for which the defendant is criminally responsible; and
(3) the restitution must be for the victim or victims of the offense for which
the defendant is charged.  See Cabla v. State, 6 S.W.3d 543, 546 (Tex. Crim.
App. 1999).  However, “even constitutional guarantees can be waived by failing
to object properly at trial.”  Jimenez v. State, 32 S.W.3d 233, 235
(Tex. Crim. App. 2000) (en banc).  “If a defendant wishes to complain
about the appropriateness of (as opposed to the factual basis for) a trial
court’s restitution order, he must do so in the trial court, and he must do so
explicitly.”  Idowu v. State, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). 


Here, in a single issue, appellant asserts that there
is no evidence to support the trial court’s restitution orders made as a
condition of her community supervision for the two third degree felonies.  She
makes multiple arguments in support of her legal- sufficiency challenge.  First,
in cause number 09-10-13351, in which Victor Molnosky was the complainant, she
asserts the following:

·       
there is no evidence to support the amount of restitution ordered
because Molnosky did not testify;  

·       
the trial court lacked authority to order appellant to make
restitution payments to David Glover, Eula Richard, Troy Tesch, and Gary
Gostecnik because they were not victims of this particular offense; and 

·       
there is no evidence to support the amount of the restitution awarded
to Glover, Tesch, and Gostecnik.  

In cause number 09-10-13352,
in which Gostecnik was the complainant, appellant contends that:

·       
the trial court lacked authority to order her to make restitution
payments to Glover, Richard, Tesch, and Molnosky because they were not victims
of this particular offense; and 

·       
the restitution ordered to be paid to Glover, Tesch, and Molnosky
is not supported by the evidence.

First, regarding her complaints in both cause numbers
that the trial court lacked authority to make restitution payments to victims
other than those named in the indictments, a trial court may not order
restitution to be paid to a person who was not a victim of the charged
offense.  Leon v. State, 102 S.W.3d 776, 786 (Tex. App.—Houston [14th
Dist.] 2003, no pet.) (citing Martin v. State, 874 S.W.2d 675-677–78
(Tex. Crim. App. 1994)).  But to preserve error regarding the appropriateness
of a restitution order, a defendant must make a specific and timely objection. 
See id. (citing Tex. R. App. P. 33.1(a)(1)(A) and Idowu, 73
S.W.3d at 921 and concluding that defendant’s failure to object to restitution
award to individual other than victim was waived by failing to object).  There
is no evidence in our record that appellant objected on this basis to the restitution
orders.  See id.; see also Lemos v. State, 27 S.W.3d 42, 47 (Tex.
App.—San Antonio 2000, pet. ref’d) (concluding that, because appellant did not
object to trial court’s restitution award to victim’s wife at trial, he waived
his complaint).  Accordingly, she has not preserved error and has waived this
complaint.  See Leon, 102 S.W.3d at 786; Lemos, 27 S.W.3d at 47.

No objection is necessary to preserve a claim of
insufficiency of the evidence to support a restitution order.  Mayer v.
State, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010).  We thus must consider
whether there is a factual basis within our record to support the restitution
awards ordered to be made to (1) Molnosky, (2) Glover, (3) Tesch, and
(4) Gostecnik.  See Cabla, 6 S.W.3d at 546 (requiring that
restitution award be supported by factual basis in the record).  Because
the trial court ordered the preparation of a PSI report, which was tendered to
appellant and the State before the sentencing hearing, we may consider the
information contained in the report in determining the sufficiency of the
evidence in this case, along with the trial testimony.  See Tex. Code
Crim. Proc. Ann. art. 42.037(c), (j); see also Maloy v. State, 990
S.W.2d 442, 445–46 (Tex. App.—Waco 1999, no pet.) (concluding that PSI report
may be considered in determining sufficiency of evidence to support restitution
order if the appellant has not lodged any objections to the report).

Although Molnosky did not testify, the PSI report,
discussed above, indicates that Molnosky estimated the value of his stolen
cattle to be $3,700.  The restitution award to Molnosky, however, is $3,800.  Accordingly,
we modify the judgments to reflect an order of restitution to Molnosky in the
amount of $3,700.  See Tex. R. App. P. 43.2(b).  

As described above, Glover’s wife testified that the
cattle stolen from her family were purchased for $4,600, which is the amount of
restitution ordered by the trial court.  She further testified that the family
had received about $2,200 in restitution already for the stolen cattle.  The
PSI indicates that the Glovers reported the value of the cattle stolen from them
at $8,400.  Thus, we conclude that there is a factual basis for the award of
$4,600.  Tesch did not testify at appellant’s sentencing hearing.  But the PSI
report establishes that he estimated the value of the cattle stolen from him at
$6,500.  The trial court ordered $3,000 in restitution to Tesch.  This amount
is less than that included in the PSI.  We conclude there is a factual basis
for this order.  

Finally, Gostecnik testified at the hearing that the
value of his two stolen cattle was around $400 each at the time they were
stolen.  The trial court ordered $800 in restitution to be paid to him.  There
is therefore a factual basis for this award.  Accordingly, we overrule
appellant’s legal sufficiency challenge.

CONCLUSION

With the exception of the restitution ordered paid to
Molnosky, there is a factual basis in the record for each of the restitution
amounts in the trial court’s restitution orders.  We modify the trial court’s judgments
in cause numbers 09-10-13351 and 09-10-13352 to reflect a restitution amount of
$3,700 ordered paid to Victor Molnosky.  We affirm the 

judgments for these cause
numbers as modified.  Because appellant has not raised any error regarding
cause numbers 09-10-13345 through 09-10-13350, we affirm the trial court’s
judgments for these cause numbers.  

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Cause numbers 09-10-13345 through 09-10-13350.  See Act of May 28, 1995,
74th Leg. R.S., Ch. 318, § 9, 1995 Tex. Gen. Laws 2737–38 (providing that theft
of fewer than ten head of cattle with a value of less than $20,000 is a
state-jail felony), amended by Act of May 12, 2009, 81st Leg. R.S., Ch.
139, § 1, 2009 Tex. Gen. Laws 461–62 (now codified at Tex. Penal Code Ann. §
31.03(e)(5)(A) (West Supp. 2009).  Appellant has not raised any error regarding
these cause numbers.  





[2]
Cause numbers 09-10-13351 and 09-10-13352.  See Tex. Penal Code Ann. §
31.03(e)(5)(A) (providing that theft of cattle stolen during a single
transaction and having an aggregate value of less than $100,000 is a
third-degree felony).





[3]
In the indictment and in the restitution orders, Ms. Richard’s name is spelled
“Eula,” but in the reporter’s record, it is spelled “Ula.”  For the sake of
consistency, we will spell her name “Eula” throughout this opinion.





[4]
These sentences are to run concurrently.  Although both judgments have the
restitution awards attached to them as conditions of appellant’s community
supervision, presumably appellant will only pay the restitution awards once. 
Regardless, appellant has not raised error as to any possible double
restitution award.