

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0539-CR
_____

Dana Hanna, Appellant

v.

The State of Texas, Appellee

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2012-470,744, Honorable Drue Farmer, Presiding

May 8, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and Hancock, JJ.

Dana Hanna appeals his conviction for driving while intoxicated and attacks the trial court's order directing him to pay Lubbock Power and Light (LP&L) $7,767.88 in restitution. We affirm in part and reverse in part.

*Situation*

No one disputes that appellant struck a telephone pole while driving in an intoxicated state. Nor is it disputed that the pole belonged to LP&L, that he pled guilty

to driving while intoxicated, that the trial court accepted the plea, convicted him of the offense and ordered him to pay the aforementioned sum as restitution for repairing the pole. Appellant believes the award to be improper because LP&L was not a victim of the offense for which he was convicted. We agree.

*Resolution*

The pertinent standard of review is one of abused discretion. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). Next, statute provides that:

> In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution *to any victim of the offense* or to the compensation to victims of crime fund established under Subchapter B, Chapter 56, to the extent that fund has paid compensation to or on behalf of the victim.

TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2012) (emphasis added). Here, the State sought restitution from appellant under the foregoing provision. It argued that since appellant damaged LP&L's electrical pole when driving while intoxicated, LP&L was a "victim of the offense" as contemplated by art. 42.037(a). And, the trial court agreed. Given appellant's objection to that analysis, we are obligated to discern the scope of the phrase "any victim of the offense." And, like much of the verbiage contained in its statutes, the legislature did not define the passage. Yet, all is not lost for other courts have provided us with ample guidance.

For instance, *Cabla v. State*, 6 S.W.3d 543 (Tex. Crim. App. 1999), tells us that restitution is "focused on the victims of the offenses for which a defendant has been convicted." *Id*. at 546. We are further informed that the "legislature did not intend for [such compensation] to be 'ordered payable to persons, other than the victim of the offense of conviction, who also suffered as a result of a scheme of which the offense of conviction was a part.'" *Id*., *quoting Martin v. State*, 874 S.W.2d 674, 677-78 (Tex.

2

Crim. App. 1994). This was followed by the utterance that restitution is limited to the individuals "*alleged and proven* to be the victims of the charged offense." *Cabla*, 6 S.W.3d at 546 (emphasis added). The Court of Criminal Appeals then supported its statements by citing its decision in *Ex parte Lewis*, 892 S.W.2d 4 (Tex. Crim. App. 1994).

In *Lewis*, restitution was awarded to an individual named Snortland and a corporation named U.S.A.A. Yet, the court noted that the complainant of the offense for which Lewis was charged and convicted, *i.e.* burglary, was Donna Whately. *Id.* at 6. And, in denying Snortland and U.S.A.A. relief, it turned to *Martin v. State*, 874 S.W.2d 674 (Tex. Crim. App. 1994) and reiterated that the legislature "limited restitution to the victim of the offense for which the defendant was convicted." *Ex parte Lewis*, 892 S.W.2d at 6. Then, it observed that "[i]n light of *Martin* and these facts, particularly that neither Donald Snortland nor U.S.A.A. *was the complainant* in the instant #90-10-01225-CR cause which ordered the restitution, we conclude that the trial court was without authority to order restitution to them in that cause." *Id.* (emphasis added). From this and the use of the phrase "alleged and proven" in *Cabla*, we hold that LP&L fell outside the scope of art. 42.037(a).

It is true that LP&L owned the pole damaged by appellant as he drove in an intoxicated state. Nonetheless, the charging instrument accused him of operating "a motor vehicle in a public place while intoxicated" in Lubbock County. Nothing was said of the collision with the pole. Nor was LP&L mentioned in the instrument or named as a complainant. We further note that the crime, as defined in the information and pertinent statute, required neither injury to anyone nor the destruction or loss of anyone's property. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012) (stating

3

that a "person commits an offense if the person is intoxicated while operating a motor vehicle in a public place"). Consequently, LP&L was not a victim "of the offense [D.W.I.] for which [appellant] was convicted," and the trial court erred in holding otherwise. *See Sahs v. State*, No. 06-05-00123-CR, 2006 Tex. App. LEXIS 1145 (Tex. App.–Texarkana February 3, 2006, no pet.) (not designated for publication) (wherein the offenses for which Sahs was convicted involved the theft and burning of a particular car and holding that the county was not a victim for purposes of restitution because the car fire spread to its bridge).

We recognize that the *Martin* court left open the possibility that individuals other than the person named as a complainant in the charging instrument may recover restitution. But, the opening has its own limits. One need only read the pertinent language used by the court to discover that. The language we refer to says:

> Named complainants will generally be the only victims of the crime adjudicated because in the majority of cases the offense is alleged in terms of an identified victim or complainant. However, we make this distinction because we recognize that the named complainant may not always be the only victim of the crime adjudicated. *See Bruni v. State,* 669 S.W.2d 829, 836 (Tex. App.–Austin 1984, no pet.) (restitution properly ordered to both named complainant and his wife where wife was joint owner of money defendant was convicted of appropriating).

*Martin v. State*, 874 S.W.2d at 676 n.4. By alluding to *Bruni*, the *Martin* court focused on the nature of the specific crime charged and whether that crime demarcates a particular category of victim. Because Bruni was charged with theft, the criminal offense at issue there encompassed a category of potential victims, *i.e.* the owner or owners of the stolen items. Indeed, there can be no theft unless the accused misappropriates property with the intent to deprive "the owner" of it. See TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012) (stating that a "person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property"). And, since the

4

property taken by Bruni was owned by both John Ross and his wife, both fell within the statutorily contemplated category of victims of theft. That is why it was permissible for both to have their loss restored though only one was named as complainant. *Bruni v. State*, 669 S.W.2d 829, 836 (Tex. App.–Austin 1984, no pet.) (stating that "we do not agree with appellant that the court erred in naming Betty Ross as a victim. The record shows that the $40,000 appropriated by Bruni was jointly owned by John and Betty Ross as husband and wife. The $3,173 for unpaid salary due John was community property. Perforce, both were victims"); *accord, Martin v. State, supra*.

Additionally, the opinion in *Lemos v. State*, 27 S.W.3d 42 (Tex. App.–San Antonio 2000, pet. ref'd) implicitly supports our interpretation of the aforementioned passage in *Martin* and the holding in *Bruni*. The *Lemos* court was asked if restitution could be awarded to the wife and child of an assault victim who died as a result of the assault. The expenses sought to be recouped were those incurred by the two individuals for therapy to cope with the death. On appeal, the reviewing court acknowledged a link between Lemos' assault upon the decedent and those particular expenses, but it concluded that the two survivors were not victims for purposes of restitution. *Id.* It so held because "[t]he only *statutorily-recognized victim* of the aggravated robbery for which Lemos was charged and convicted was Mr. Flores." *Id.* at 49 (emphasis added). In others words, while the offense of aggravated assault explicitly contemplates that someone be assaulted, neither Flores' wife nor his child were the subject of the assault underlying Lemos' conviction. Therefore, they were not victims to whom restitution could be granted.

Again, the nature of the offense here does not encompass per se a particular category of complainant. No one need be injured or suffer loss for a D.W.I. to occur.

5

Nor was the incident with the electrical pole or the identity of the pole's owner mentioned anywhere in the charging instrument or somehow alleged to be part of the offense charged. So, it cannot be said that LP&L was somehow a victim of the crime for which appellant was convicted.[1]

In sum, the trial court erred in ordering appellant to pay restitution to LP&L. Furthermore, our decision disposes of the need to address any other issues raised on appeal. We reverse that part of the judgment ordering the payment of restitution and affirm the remainder.

> Brian Quinn
> Chief Justice

Publish.

---

[1]Nor can it be said that LP&L somehow reimbursed a victim of the crime. *See Ceballos v. State*, 246 S.W.3d 369, 373 (Tex. App.–Austin 2008, pet ref'd) (explaining that those who recompense a victim may obtain restitution).