# NOS. 12-13-00092-CR
# 12-13-00093-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN DON SINQUEFIELD,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kevin Don Sinquefield appeals his convictions for robbery and forgery against an elderly individual. In two issues on appeal, Appellant challenges the trial court's assessment of restitution. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with the offenses of robbery and forgery against an elderly individual. Each indictment also included an enhancement paragraph, alleging that Appellant had been convicted of a felony prior to the commission of the charged offense. Appellant entered an open plea of "guilty" to the offenses charged in the indictments and pleaded "true" to the enhancement paragraph in each indictment. In both cases, Appellant also signed an agreed punishment recommendation in which he agreed to a special condition of his recommended sentence "being payment of RESTITUTION in the amount **to be determined by the PSI**."

The trial court accepted Appellant's pleas of guilty and adjudicated him guilty of robbery and forgery against an elderly individual. The trial court also ordered a full presentence investigation report (PSI) in both cases. In the combined PSI, restitution for the robbery offense was stated to be $3,059.75, and restitution for the forgery offense was stated to be $6,850.00.

At the sentencing hearing, the trial court assessed Appellant's punishment at life imprisonment for his robbery conviction, along with court costs and restitution "as determined to be due by a post-sentence." Further, the trial court assessed Appellant's punishment at twenty years of imprisonment for his forgery conviction, along with court costs and restitution in an amount to be determined by a "post-sentence." The judgments of conviction included restitution in the amounts stated in the PSI. The trial court ordered that Appellant's sentences run concurrently. This appeal followed.

## RESTITUTION

In his first and second issues, Appellant argues that the restitution ordered in both cases should be vacated because the trial court did not orally pronounce the amount of restitution in open court.

### Standard of Review

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.). In order to preserve error concerning a restitution order, however, the record must show that a complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Lemos v. State*, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd) (concluding defendant waived complaint by failing to dispute funeral expenses portion of restitution order at sentencing). In other words, if a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly. *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002).

### Applicable Law

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2012). Article 42.03, Section 1(a) of the Texas Code of Criminal Procedure states that a sentence shall be pronounced in the defendant's presence. *See* TEX. CODE CRIM. PROC.

ANN. art. 42.03, § 1(a) (West Supp. 2012). This means that a defendant's sentence must be orally pronounced in his presence. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

**Analysis**

Here, Appellant does not complain about the sufficiency of the evidence to support the amount of the restitution awards or about restitution as a special condition of his recommended sentence. Instead, he points out that the amounts of the awards were not orally pronounced in his presence. However, we conclude that Appellant has waived his complaint.

Appellant argues that the facts in his case are similar to those in *Burt v. State*, 396 S.W.3d 574 (Tex. Crim. App. 2013). In *Burt*, the defendant complained that the restitution in his orally pronounced sentence was different from the sentence in the written judgment, and that the amount in the written judgment improperly included losses from alleged victims not named in the indictment. *See id.* at 578. The court noted that the defendant could not have objected during the oral pronouncement because at that point, he could not have known that the sentence in the written judgment would be different from the orally pronounced sentence or that there might be an error in the amount of restitution. *See id.* Nor could he have known to include restitution as an issue in his motion for new trial because the written judgment was not issued until after his motion for new trial was filed and heard. *See id.* Therefore, the court concluded that the defendant did not forfeit his challenge to the restitution order because it was impossible for him to raise the restitution issue at trial. *See id.*

*Burt* is readily distinguishable from the cases before us. In these cases, the trial court orally pronounced that the amount of restitution would be "as determined to be due by a post-sentence." The judgment in each case included the amount of restitution stated in the PSI for the corresponding offense. And the judgments were signed the day after the sentencing hearing. Therefore, Appellant had ample opportunity to file a motion for new trial or other postjudgment motion to complain that the trial court did not orally pronounce the amounts of restitution in open court. However, he failed to do so. Consequently, unlike the defendant in *Burt*, Appellant waived his challenge to the restitution orders because he failed to preserve his complaint in the trial court. Accordingly, we overrule Appellant's first and second issues.

3

## DISPOSITION

We *affirm* the judgments of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 23, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 23, 2013**

**NO. 12-13-00092-CR**
**12-13-00093-CR**

**KEVIN DON SINQUEFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeals from the 241st District Court

of Smith County, Texas (Tr.Ct.Nos. 241-1707-12; 241-1708-12)

THESE CAUSES came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there were no errors in the judgments.

It is therefore ORDERED, ADJUDGED and DECREED that the judgments of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*